Dorothy **HAMMER**, Mariel Bryan O'Dell **Camp** and Jeanette O'Dell, Appellants,

v.

Bob C. **POWERS** and Clyde Richard Woolfolk, Jr., Appellees.

No. 2–91–110–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 26, 1991.

Stephen E. Reese, P.C. and Stephen E. Reese, Denton, for appellants.

Richard H. Kelsey, P.C. and Richard H. Kelsey, Denton, for appellees.

Before JOE SPURLOCK, II, HILL and FARRIS, JJ.

## OPINION

HILL, Justice.

Dorothy Hammer, Mariel Bryan O'Dell Camp, and Jeanette O'Dell, contestants of the March 1989 will of Mariel Bryan Robinson, appeal from a summary judgment awarded upon the motion of Clyde Richard Woolfolk, Jr. and Bob C. Powers, the appellees and Independent Executors of that will. The summary judgment denies the contest of the will and denies the appellants specific bequests they would have

had under the will but for the will's provision that forfeits such bequests because of their contest of the will. The appellants contested the will on the basis that the testatrix lacked testamentary capacity at the time she executed the March 1989 will and that she made it due to the undue influence of Woolfolk.

Woolfolk, a relatively young stockbroker, had handled accounts for the testatrix and her husband prior to the husband's death in September, 1988. In the testatrix's later years he became a close associate, assisting her with many of her daily affairs. He was named in the March 1989 will as a co-independent executor, in addition to receiving the residuary estate. The testatrix died in October, 1989.

The appellants contend in five points of error that the trial court erred in granting the summary judgment because: (1) the motion for summary judgment was legally insufficient; (2) the summary judgment evidence established material issues of fact; (3) the appellees failed to meet their burden of proof; (4) the trial court improperly placed the burden of proof upon them, rather than on the appellees; and (5) the summary judgment evidence presented by the appellees was insufficient. In a sixth point of error the appellants argue that the trial court erred in granting the appellees' motion for summary judgment with respect to the will's forfeiture provision against contestants to the will because their contest of the will was made in good faith and upon probable cause.

We affirm because the appellees' summary judgment evidence proved as a matter of law that the testatrix had the testamentary capacity to make the March 1989 will, and that Woolfolk did not unduly influence her in the making of the will. In addition, we hold that the trial court did not err in granting summary judgment enforcing the will's forfeiture, or *in terrorem* clause, because the appellants failed to plead or present summary judgment proof on the issue of their filing their contest in good faith and with probable cause.

■ In their first five points of error, the appellants contend that the trial court erred in granting the appellees' motion for summary judgment denying their contest of the will. We will affirm only if the record establishes that the appellees have conclusively proved all of the essential elements of their cause of action or defense as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

■ With respect to the motion for summary judgment as it related to the will contest, the appellees contended that they were entitled to summary judgment as to the issues of testamentary capacity and undue influence, the two bases of the appellants' contest of the will.

The summary judgment evidence consisted of several affidavits, several depositions, and a videotape of the signing of the will. These include evidence as to the soundness of the testatrix's mind, opinions that she knew what she was doing, and evidence that she was an independent person who was not influenced in the preparation of the will by Woolfolk, the principal beneficiary and a co-independent executor of the March 1989 will. The appellees did not timely file any response to the motion. We find that the summary judgment evidence is sufficient to establish as a matter of law that the testatrix had the testamentary capacity to make and sign the March 1989 will, and that in doing so she was not unduly influenced by Woolfolk. *See Campbell v. Groves*, 774 S.W.2d 717, 719 (Tex.App.—El Paso 1989, writ denied) (dealing with testamentary capacity).

■ The appellants seek to complain of defects in certain of the affidavits, but they did not make any timely complaint of those affidavits at trial, and consequently no error as to the court's consideration of those affidavits was preserved. TEX.R.APP.P. 52(a); *Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

■ The appellants urge that they may make their objections to the affidavits because they are objections of substance and not of form, as in *Kotzur v. Kelly*, 791 S.W.2d 254, 256–57 (Tex.App.—Corpus

Christi 1990, no writ). One complaint raised by the appellants is that the affiants lacked sufficient personal knowledge of the facts stated in the affidavit because the day the will was made was the only day that the witnesses had observed the testatrix. In other words, the appellants complain that the affidavits do not set forth a proper predicate for the expression of an opinion as to testamentary capacity. We disagree and hold that this objection was an objection of form as that term is intended in rule 166a of the Texas Rules of Civil Procedure, and that the appellants waived the objection by failing to file a timely response to the appellees' motion for summary judgment. In any event, however, we hold that the affidavits were sufficient to show the basis for the affiants' personal knowledge.

■ The appellants also contend that one affidavit, that of Doctor Edward Wolski, contains contradictory evidence as to the issue of testamentary capacity. Appellants mention the fact that the testatrix was treated for alcoholism seven days prior to the date the March 1989 will was executed. In his affidavit, Dr. Wolski testified that although the testatrix was disoriented when she was first hospitalized, while at the hospital she was oriented. He said that he examined her two days before the execution of the will, and that unless there was something he was not aware of at the time of the execution of the will, she would have known the nature and effect of making the will, who the persons were who were involved in the will, how she was related to them, what property she had, and what obligations she had. We disagree with the appellants' contention that the affidavit of Dr. Wolski contains contradictions.

■ The appellants also urge that the affidavits of Alicia K. Hopson, Beth G. Honeycutt, Don R. Windle and Dr. Edward Wolski are inconsistent because, on the one hand, the affiants say that the testatrix had a general knowledge of her property and the natural objects of her bounty, while the attorney who prepared the will said in his deposition that neither he nor anyone on his staff knew the dollar value of the residuary estate at the time the will was executed. We do not see any necessary contradiction between the statements by the affiant that the testatrix had a general knowledge of her property while the affiants did not know the dollar value of her property.

■ The appellants also contend that there is a conflict between Woolfolk's testimony that he did not contact the attorney who prepared the will and the attorney's testimony that he recalled that the contact was made by Woolfolk. Although the two differed as to who contacted the attorney, there was no conflict as to Woolfolk's testimony that he did not in any way influence the testatrix, nor was there a conflict with the testimony of others who indicated that the testatrix did not appear to be under the influence of anyone when she executed the will.

■ The appellants contend that the summary judgment should be reversed because the motion itself was not sufficiently specific in alleging the grounds for summary judgment and was deficient by alleging that the burden of proof on summary judgment was on them. The court denied the appellants leave to file a response to the appellees' motion for summary judgment because the response was not timely filed. The appellants did not present any exception or objection to the motion on the basis that they now seek to bring before us in point of error number one. We therefore hold that the issue has not been preserved for review. TEX.R.APP.P. 52(a). We overrule points of error numbers one through five.

The appellants contend in point of error number six that the trial court erred in granting the motion for summary judgment based on the contest of the March 1989 will because their contest was made in good faith and upon probable cause.

The March 1989 will provided that if any beneficiary under the will contests or challenges the will or any of its provisions, any share or interest given to the contesting

beneficiary is revoked and given instead to Texas Women's University.

A forfeiture of rights under the terms of a will will not be enforced where the contest of the will was made in good faith and upon probable cause. *Calvery v. Calvery,* 122 Tex. 204, 55 S.W.2d 527, 530 (1932). In order to avoid forfeiture of their bequests, the appellants would have had the burden at trial to prove that their contest was made in good faith and upon probable cause. *Gunter v. Pogue,* 672 S.W.2d 840, 844 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

It has been held that the mere pleading of an affirmative defense without supporting proof will not defeat an otherwise valid motion for summary judgment. *Kehoe v. Lambert,* 633 S.W.2d 576, 578 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). The appellants did not plead in any way that their contest of the will was made in good faith and upon probable cause. Consequently, in the absence of any pleading or proof as to this theory of defense to the forfeiture clause, termed in the law as an *in terrorem* clause, the trial court did not err in granting the motion for summary judgment. We overrule point of error number six.

The judgment is affirmed.