**INTERNATIONAL TURBINE SERVICE, INC. Appellant,**

v.

**Amos LOVITT and Touche, Inc., An Arizona Corp. and John J. Lobaugh, An Arizona Resident, Appellees.**

**No. 2–93–179–CV.**

Court of Appeals of Texas, Fort Worth.

July 6, 1994.

Rehearing Denied Aug. 9, 1994.

Richard C. Jenkins, Dallas, for appellant.

Daniel A. Foster, McLean & Sanders, Fort Worth, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

LATTIMORE, Justice.

Appellant International Turbine Service, Inc. ("ITS") appeals from the trial court's sustaining of a plea to the court's jurisdiction by way of a special appearance by nonresident appellees Amos Lovitt and Touche, Inc. ("AL & T") and John J. Lobaugh. In three points of error, ITS complains that the trial court erred in sustaining the plea because: (1) it was verified improperly, and was therefore a general appearance; (2) it was waived by not being heard and determined before any other plea; and (3) the nonresident appellees did insurance business in Texas, as defined by the Texas Insurance Code, and the cause of action arose out of that insurance business.

We affirm.

ITS owned two aircraft which were originally located in Bangor, Maine. ITS made arrangements with Hamilton Aviation located in Tucson, Arizona, to ferry the aircraft from Maine to Tucson. The aircraft were to fly through Denison, Texas for viewing by a possible buyer from Mexico. It was anticipated that any work done after the sale would be performed by Hamilton in Tucson, Arizona. One of the planes crashed before it left the State of Maine. ITS sued two insurance companies for a declaration as to coverage and sued nonresidents AL & T and Lobaugh for alleged errors and omissions as a "creditor or donee third party beneficiary" of a purported agreement to provide insurance to non-party Hamilton Aviation. AL & T is an Arizona corporation with its principal place of business in Arizona. Lobaugh is vice-president of AL & T and also resides in Arizona. AL & T does have a nonresident insurance agent license in Texas. Business under this license amounts to only two-tenths of one percent of AL & T's total business. None of the issues of this suit involve business performed under the Texas license. All contacts and conversations regarding the flight took place between appellees and Hamilton in Arizona. Lobaugh was the only individual at AL & T who had any contact regarding the flight. All of those contacts were within the State of Arizona, and he had no contact directly with ITS. After being served with citation, appellees filed a plea to the court's jurisdiction verified by counsel, and subsequently filed an affidavit in support of their plea. ITS then served discovery on appellees which went beyond jurisdictional issues. Appellees filed a motion for protective order, subject to their special appearance, to challenge the discovery. The parties entered into an agreed order with respect to the discovery at issue. After the trial court granted the plea and severed the cause of action, ITS filed a motion for new trial alleging for the first time that appellees' motion for protective order in connection with discovery constituted a general appearance and waiver of their special appearance. ITS did not raise any challenge to the sufficiency of the verification on the plea until this appeal.

In its first point of error, ITS contends that the trial court erred in sustaining the special appearance because it was verified improperly, and was therefore a general appearance. The verification portion of the plea to the jurisdiction states:

Before me, the undersigned authority, on this day personally appeared R. BRUCE MOON, known to me to be the person whose name is subscribed to the

foregoing motion and after being by me duly sworn on his oath stated that he is the attorney of record in this case for the Defendants, AMOS LOVITT AND TOUCHE, INC., An Arizona Corporation, and JOHN J. LOBAUGH, An Individual, duly authorized to make this Affidavit and that he has prepared and read the foregoing special appearance filed in this cause and that the allegations of fact contained therein are, to the best of his knowledge, true and correct.

■ Rule 120a(1) authorizes the filing of a special appearance "for the purpose of objecting to the jurisdiction of the court over the person ... of the defendant on the ground that such party ... is not amenable to process issued by the courts of this State." Tex.R.Civ.P. 120a. The special appearance "shall be made by sworn motion." *Id.* The rule mandates strict compliance with the procedure. *Slater v. Metro Nissan of Montclair,* 801 S.W.2d 253, 254 (Tex.App.—Fort Worth 1990, writ denied); *Portland Sav. & Loan Ass'n v. Bernstein,* 716 S.W.2d 532, 534 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.) (opinion on reh'g), *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1200, 89 L.Ed.2d 313 (1986). An affidavit must be direct, unmistakable, and unequivocal as to the facts sworn to, so that perjury can be assigned upon it. *Slater,* 801 S.W.2d at 254; *Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975). It must in some way show that the affiant is personally familiar with the facts so that he could personally testify as a witness. *Slater,* 801 S.W.2d at 254; *Simmons v. Moore,* 774 S.W.2d 711, 715 (Tex.App.—El Paso 1989, orig. proceeding). An affidavit verified by counsel as "true and correct to the best of his knowledge" is insufficient as an affidavit unless authorized by statute. *Burke,* 525 S.W.2d at 955.

■ The Moon affidavit does not appear to positively and unqualifiedly represent the facts as disclosed in the special appearance to be true. However, ITS did not make an objection or special exception to the defect in the affidavit, and thus has waived any right to complain on appeal. Tex.R.App.P. 52(a); *Hammer v. Powers,* 819 S.W.2d 669, 671 (Tex.App.—Fort Worth 1991, no writ); *Wal-*

*koviak v. Hilton Hotels Corp.,* 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.); *Omniplan, Inc. v. New America Dev. Corp.,* 523 S.W.2d 301, 305 (Tex.Civ.App.—Waco 1975, no writ). Point of error one is overruled.

■ In its second point of error, ITS contends that the trial court erred in sustaining the special appearance because it was waived by not being heard and determined before any other plea. After appellees filed their special appearance, ITS served discovery on appellees which went beyond jurisdictional issues. Appellees filed a motion for protective order, subject to their special appearance, to challenge the discovery. The parties subsequently entered into an agreed order with respect to the discovery at issue. Rule 120a specifically provides that discovery does not constitute a waiver or general appearance. Tex.R.Civ.P. 120a. The rule also provides that other pleas, pleadings, and motions, if made subject to the special appearance, may be filed without entering a general appearance. *See Portland Sav. & Loan Ass'n,* 716 S.W.2d at 535; *Stegall & Stegall v. Cohn,* 592 S.W.2d 427, 429 (Tex.Civ.App.—Fort Worth 1979, no writ); *Frye v. Ross Aviation, Inc.,* 523 S.W.2d 500, 502 (Tex.Civ. App.—Amarillo 1975, no writ).

■ Here, appellees were merely attempting to limit discovery to the issue of jurisdiction prior to determination of the special appearance. Their motion for protective order was made subject to the special appearance. ITS cites us to *Liberty Enterprises, Inc. v. Moore Transportation Co., Inc.,* 690 S.W.2d 570 (Tex.1985), *Steve Tyrell Prod., Inc. v. Ray,* 674 S.W.2d 430 (Tex.App.—Austin 1984, no writ), and *St. Louis & San Francisco R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918), in support of its contention that appellees' motion for protective order was a general appearance. In *Liberty Enterprises, Inc.,* the foreign defendant filed a motion for new trial, stated that it was ready to try the case, and agreed to the order reinstating the cause of action. By those affirmative actions, the foreign defendant submitted to the court's jurisdiction. *Liberty Enterprises, Inc.,* 690 S.W.2d at 571. In *Steve Tyrell Prod., Inc.,* the foreign defen-

dant first filed a special appearance, and subsequently a motion for new trial subject to the special appearance. A special appearance hearing was never held, and the court of appeals thus held that the special appearance was waived because the defendant did not timely press for a hearing. *Steve Tyrell Prod., Inc.,* 674 S.W.2d at 437. In *St. Louis & San Francisco R. Co.,* a pre-rule case, the foreign defendant moved to require the plaintiff to give security for costs before a motion to quash service of citation was determined. The court there held that the motion to require the plaintiff to give security for costs was inconsistent with an assertion that the court did not have jurisdiction over it. *St. Louis & San Francisco R. Co.,* 206 S.W. at 75. These cases can be distinguished from the present facts, where appellee's actions were not inconsistent with their challenge to the jurisdiction. Rule 120a specifically allows for the use of discovery processes without waiver of the special appearance. We hold that appellees did not waive the special appearance or enter a general appearance by their motion for protective order seeking to limit discovery to jurisdictional matters before the special appearance hearing. Point of error two is overruled.

▇▇▇▇▇ In its third and last point of error, ITS argues that the trial court erred in sustaining the special appearance because the nonresident appellees did insurance business in Texas, as defined by the Texas Insurance Code, and the cause of action arose out of that insurance business. A Texas court may exercise jurisdiction over a nonresident if: (1) the Texas long-arm statute authorizes the exercise of jurisdiction; and (2) that exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990). The Texas long-arm statute authorizes the exercise of jurisdiction over those who do business in Texas. Tex. Civ.Prac. & Rem.Code Ann. § 17.042 (Vernon 1986). The broad language of the long-arm statute's "doing business" requirement allows the statute to reach as far as the federal constitution permits. *Schlobohm,* 784 S.W.2d at 357; *U–Anchor Advertising, Inc. v. Burt,* ·553 S.W.2d 760, 762 (Tex.1977), *cert. denied,* 434 U.S. 1063, 98 S.Ct. 1235, 55 L.Ed.2d 763

(1978). The Texas test for determining whether the exercise of jurisdiction is consistent with federal and state due process guarantees is as follows:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction[. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic;] and

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Schlobohm,* 784 S.W.2d at 358 (quoting *O'Brien v. Lanpar Co.,* 399 S.W.2d 340, 342 (Tex.1966), adding the general jurisdiction clause to the second paragraph).

▇▇▇▇▇ Applying this test to the facts of this case, we do not believe that the Texas courts have jurisdiction over appellees. Starting with the first prong of the Texas test, the nonresident defendants must purposefully do some act or consummate some transaction in Texas. Appellees did hold a nonresident insurance license, and a small portion (0.2%) of their business was performed in Texas. Thus, appellees could have reasonably anticipated that circumstances could arise where they could be brought into a Texas court. Turning to the second prong, ITS must show either that jurisdiction is premised on specific related activity (specific jurisdiction), or on continuing and systematic activity (general jurisdiction). Here the cause of action was not connected with appellees' Texas insurance license or business. The alleged insurance contract was between two Arizona residents, and was negotiated in Arizona. The planes that were to be insured were located in Maine, and were to fly to

Arizona, with a stop in Texas. The accident occurred in Maine, before the planes reached Texas. ITS, who is located in the State, would have been the third party beneficiary of the insurance contract. However, it was not involved in any way with the negotiation of the insurance. Thus, Texas does not have specific jurisdiction over the appellees. General jurisdiction may still be exercised if the appellees' contacts with Texas are continuing and systematic. A showing of substantial activities within the forum state is required to show general jurisdiction. *Schlobohm,* 784 S.W.2d at 357; *Helicopteros Nacionales de Columbia v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404, 411 n. 9 (1984). Here, the appellees have only sporadic and minimal business within the State. The appellees do not have an office or employees operating within the State, and do not market their services within the State. Their minimal Texas business was an accommodation to Arizona residents with property holdings in Texas. These facts do not support a finding of general jurisdiction. ITS did not assert general jurisdiction at the special appearance hearing. We thus hold that the trial court did not err in sustaining appellees' plea to the court's jurisdiction by special appearance. Point of error three is overruled.

The judgment of the trial court is affirmed.