NUMBER 13-00-103-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


GOODING SEED COMPANY AND 

LEOPOLDO GUARROCHENA
, Appellants,


v.



EPIFANIO BARROSO AND 

MARTIN BARROSO
, Appellees.

___________________________________________________________________


On appeal from the 93rd District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Cantu(1)

Opinion by Justice Dorsey



 Epifanio Barroso was a passenger in a vehicle driven by his
brother, Martin Barroso. While traveling in Idaho the vehicle rear ended
a tractor-trailer rig owned by Gooding Seed Co. and driven by its
employee, Leopoldo Guarrochena. Gooding is an Idaho corporation
whose principal place of business is in Gooding, Idaho. Barroso filed
suit in Hidalgo County, Texas against his brother, Gooding, and
Guarrochena for injuries he received in the collision. Gooding and
Guarrochena contested personal jurisdiction through special
appearances. After an evidentiary hearing the trial court denied the
special appearances, and appellants brought this interlocutory appeal
pursuant to Texas Civil Practices and Remedies Code § 51.014(a)(7)
(Vernon Supp. 2000). Appellants challenge the denial of their special
appearances by five issues, arguing that Texas does not have personal
jurisdiction over them. We reverse and dismiss the suit for want of
personal jurisdiction.

Appellants' Evidence


 Appellants' evidence included two affidavits from Lawrence
Robertson and one from Leopoldo Guarrochena. Robertson's affidavits
show that he has served as Gooding's president for a number of years
and is familiar with its day-to-day business. Regarding Gooding's
connections with Texas Robertson stated, in part, as follows:

 (1) Gooding is an Idaho corporation, incorporated in Idaho. All of
its officers, directors, and shareholders reside in Idaho. Gooding's
registered agent for service of process is addressed in Idaho; it has no
registered agent for service of process in Texas. Gooding does not have
any employees who reside or work in Texas;


 (2) All of Gooding's offices are located in or near Gooding, Idaho. 
It has no offices in Texas. All property owned by Gooding, including its
bank account, is located in Idaho. It has no property in Texas;


 (3) Gooding sells seed, chemicals, and fertilizer. Robertson stated
that "[a] search of our records shows that we do not and have not
made any sales to customers in" Texas. He stated that "I do not recall
selling any of our products to customers in Texas." Gooding does not
buy any of its seeds, chemicals, or fertilizer from persons in Texas. He
stated that "[t]o the best of my knowledge" Gooding has no business
contacts with Texas at all; and


 (4) The alleged accident occurred in Idaho. Leopoldo Guarrochena
was hired as an employee in Gooding, Idaho. On any occasion that
Guarrochena was entrusted to use a Gooding Seed Co. vehicle, such
entrustment occurred in Idaho.


 Robertson concluded this affidavit by stating, "The above and
foregoing is true to my personal knowledge." Barroso complains that
the above affidavit defeats Robertson's personal knowledge of the facts
because (1) his knowledge is based upon "a search of our records," and
(2) it states that it is based on the recollection of the affiant and on "the
best of my knowledge."

 In M.G.M. Grand Hotel, Inc. v. Castro, 8 S.W.3d 403 (Tex. App.--Corpus Christi 1999, no pet.)(2) we held, in the context of an affidavit to
support a special appearance, "that a corporate officer may testify that
information concerning the corporation's contacts with a given state is
within his personal knowledge without showing with particularity how
he acquired that knowledge." Id. at 407 (emphasis added). In the
instant case Robertson served as Gooding's president, was familiar
with its business, and stated that the affidavit was "true to my personal
knowledge." The facts regarding a corporation's business connections
with another state are ordinarily within the personal knowledge of its
corporate officers. See id. at 407. We hold therefore that Robertson
may testify that information concerning Gooding's contacts with Texas
is within his personal knowledge and that he does not have to show
with particularity how he acquired that knowledge. See id. at 407. 
Accordingly we will consider Robertson's affidavit in determining
whether Gooding has any contacts with Texas.

Standard of Review 


 In MGM Grand we reaffirmed the standard for reviewing a trial
court's denial of a special appearance as follows:

 The standard of review to determine the
appropriateness of the trial court's resolution of those facts
is an ordinary sufficiency of the evidence review.... The
scope of that review includes all evidence in the record.... If
a special appearance is based on undisputed or otherwise
established facts an appellate court shall conduct a de novo
review of the trial court's order granting a special
appearance. [However,] in applying the jurisdictional
formula to a particular case, the facts must be carefully
weighed and mechanical application of any test ... must be
avoided. 


MGM Grand, 8 S.W.3d at 407; Happy Indus. Corp. v. American
Specialties, Inc., 983 S.W.2d 844, 847 (Tex. App.--Corpus Christi 1998,
writ dism'd w.o.j.) (citations omitted).

Personal Jurisdiction Over Appellants


 The plaintiff has the burden to plead a prima facie showing of
jurisdiction. MGM Grand, 8 S.W.2d at 408. To sustain a special
appearance the nonresident defendant bears the burden of negating all
bases of personal jurisdiction. C.S.R. Ltd. v. Link, 925 S.W.2d 591, 596
(Tex. 1996). Once the defendant has negated all bases of jurisdiction
the plaintiff has the ultimate burden to establish that the Texas court
has personal jurisdiction over the defendant as a matter of law. MGM
Grand, 8 S.W.3d at 408. 

 A court may assert personal jurisdiction over a nonresident
defendant only if the requirements of the Due Process Clause of the
Fourteenth Amendment to the U.S. Constitution and the Texas
long-arm statute are satisfied. C.S.R., 925 S.W.2d at 594. The Texas
long-arm statute allows a court to exercise personal jurisdiction over a
nonresident defendant "as far as the federal constitutional requirements
of due process will allow." Id. Thus the question of whether the
defendant is within the Texas long-arm statute typically merges with
the issue of whether personal jurisdiction is consistent with federal
standards. Id.

 Due process permits a state court to exercise personal jurisdiction
over a defendant only if the defendant has some minimum, purposeful
contacts with the state, and the exercise of jurisdiction will not offend
traditional notions of fair play and substantial justice. Dawson-Austin
v. Austin, 968 S.W.2d 319, 326 (Tex. 1998); CMMC v. Salinas, 929
S.W.2d 435, 437 (Tex. 1996). A nonresident who purposefully avails
himself of the privileges and benefits of conducting business in Texas
must answer to a suit in Texas. C.S.R., 925 S.W.2d at 594. See Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985). 

 A nonresident's contacts with a state can give rise to either
general or specific jurisdiction. Specific jurisdiction occurs if the
defendant's alleged liability arises from or is related to an activity
conducted within the state. C.S.R., 925 S.W.2d at 595. The Texas
Supreme Court has stated that the act must be purposefully directed at
Texas so that the defendant could foresee being haled into court here. 
Id. And even when minimum contacts with the forum state are
established the state court cannot exercise personal jurisdiction over the
defendant if that would offend traditional notions of fairness. Id.

 General jurisdiction is present when a defendant's contacts in the
state are so continuous and systematic that the state may exercise
personal jurisdiction over the defendant even if the cause of action did
not arise from or relate to activities conducted within the forum state. 
C.S.R., 925 S.W.2d at 595; Happy Indus., 983 S.W.2d at 847. General
jurisdiction requires a showing that the defendant conducted
substantial activities within the forum, a more demanding minimum
contacts analysis than for specific jurisdiction. C.S.R., 925 S.W.2d at
595; Happy Indus., 983 S.W.2d at 847.

Appellants' Contacts With Texas


 Barroso concedes that evidence in the record supports the special
appearance of Leopoldo Guarrochena. However he contends that
Gooding has two contacts with Texas: (1) an internet website with a
toll-free telephone listing; and (2) permits from the U.S. Department of
Transportation (DOT) allowing Gooding to operate its trucks in
interstate commerce.

1. The Website


 At the evidentiary hearing on the special appearance the trial court
admitted in evidence a print out of pages from a website. One page
gave Gooding's name as a vendor of forage, listing its address and
giving the name and email address for a sales person. This website
was the "Forage Information System" (FIS) owned, maintained, and
operated by Oregon State University. OSU copyrighted the website and
provided the FIS as a benefit to Oregon residents. Visitors to the
website cannot contact Gooding or submit orders through the website. 
There is no evidence that Gooding used the website to conduct
business. 

 Gooding's president. Lawrence Robertson, stated in his affidavit
that Gooding has never constructed, owned, or operated an Internet
website. He also stated that Gooding had not authorized any other
entity or anyone else to construct or operate an Internet website on
Gooding's behalf.

 Because Gooding did not authorize the website and had no
contact with visitors to the website we conclude that the website is
insufficient to confer jurisdiction. See Mink v. AAA Development, LLC.
190 F.3d 333 (5th Cir. 1999).

2. DOT Permits


 The DOT permits are licenses for Gooding's trucks to use
interstate highways. The application for or possession of permits to do
business in interstate commerce is insufficient to create a contact with
a state. See J & J Marine, Inc. v. Le, 982 S.W.2d 918, 926 (Tex. App.--Corpus Christi 1998, no pet.); International Turbine Serv., Inc. v. Lovitt,
881 S.W.2d 805, 809-10 (Tex. App.--Fort Worth 1994, writ denied).

 The evidence showed that this cause of action resulted from a
collision in Idaho between Barroso and a vehicle owned by Gooding, an
Idaho corporation which had no connections or contacts of any sort
with Texas. Therefore the evidence is sufficient to prevent a Texas
court's assertion of specific or general jurisdiction over appellants. See
C.S.R., 925 S.W.2d at 595; Happy Indus., 983 S.W.2d at 847. We hold
that the trial court erred in denying appellants' plea to the court's
jurisdiction by special appearance.

 We reverse the order denying the special appearances and dismiss
this suit for lack of personal jurisdiction.


 ______________________________

 J. BONNER DORSEY,

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this 8th day of June, 2000.

1. Justice Antonio G. Cantu assigned to this Court by the Chief
Justice of the Supreme Court pursuant to Tex. Gov't Code Ann. §74.003
(Vernon 1988).
2. MGM in support of its special appearance used the affidavit of
Tom Peterman, its senior vice president. His affidavit stated that he had
personal knowledge of the facts stated in his affidavit. The affidavit
stated facts about MGM's contacts with Texas. Castro argued that the
affidavit was faulty because Peterman's position as MGM's vice
president did not sufficiently show how he had acquired personal
knowledge of the facts in his affidavit.