NO. 07-06-0162-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2008
_____

SHARI A. WYNNE, APPELLANT

V.

CITIBANK (SOUTH DAKOTA) N.A., APPELLEE
_____

FROM THE COUNTY COURT AT LAW NO. 1  OF TRAVIS COUNTY;

NO. 280698; HONORABLE DAVID PHILLIPS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Shari A. Wynne appeals from a summary judgment for appellee Citibank (South Dakota), N.A., in its suit to recover the amounts owed on two credit card accounts. We affirm.

Citibank's suit sought recovery of the $34,276.27 balance of the two accounts under theories of breach of contract, account stated, open account, and, in the alternative, quantum meruit and unjust enrichment. Wynne answered with a general denial.

Citibank filed a traditional motion for summary judgment, supported by affidavits of Courtney Gilbert and attorney Allen Adkins. Billing statements and credit card agreements for the two accounts were appended to Gilbert's affidavit. Wynne filed a response to the motion and an attached affidavit, controverting Adkins's affidavit testimony on attorney's fees. After a hearing, the trial court entered a partial summary judgment for CitiBank finding Wynne liable for the $34,276.27 balance, but finding the proper amount of Citibank's attorney's fees remained in controversy.

Citibank then submitted another affidavit in support of attorney's fees, followed by a motion for summary judgment on attorney's fees. After Wynne filed a response, Citibank, on December 15, 2005, filed an amended affidavit in support of its attorney's fees. Also on December 15, 2005, the trial court signed a final judgment awarding Citibank $34,276.27, plus attorney's fees in the amount of $915, post-judgment interest and costs.

Wynne filed a motion for new trial, which was overruled by operation of law, followed by her notice of appeal. On appeal, Wynne presents a single *Malooley*[1] point asserting the trial court erred by granting summary judgment for Citibank.

---

[1] In *Malooley Bros, Inc. v. Napier,* 461 S.W.2d 119 (Tex. 1970), the Supreme Court concluded that a point of error stating generally that the trial court erred by granting summary judgment authorizes review of all possible grounds of trial court error in granting the summary judgment.

*Standard of Review*

Our review of a summary judgment is *de novo* to determine whether a party's right to prevail is established as a matter of law. Tex. R. Civ. P. 166a(c); *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995). We take as true all evidence favorable to the non-movant, and indulge every reasonable inference and resolve any doubt in the non-movant's favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). To obtain summary judgment in its favor, a plaintiff must conclusively prove its entitlement to prevail on each element of its cause of action as a matter of law. *Thompson v. Chrysler First Business Credit Corp.,* 840 S.W.2d 25, 28 (Tex.App.–Dallas 1992, no writ).

A motion for summary judgment must expressly present the grounds on which it is made and must stand or fall on these grounds alone. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 912 (Tex. 1997). When, as here, a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872-73 (Tex. 2000); *Star-Telegram, Inc. v. Doe,* 915 S.W.2d 471, 473 (Tex. 1995).

*Summary Judgment Evidence*

Wynne begins her challenge to the summary judgment by contending Gilbert's affidavit is substantively defective because it is conclusory.[2] She bases that contention on

---

[2] Although defects of form must be raised in the trial court, substantive defects in summary judgment evidence may be asserted for the first time on appeal. *Mathis v.*

3

an argument the affidavit does not demonstrate it is based on Gilbert's personal knowledge.[3] The affidavit states that Gilbert is an account representative of Citicorp Credit Services, Inc. (USA), a "servicer" for Citibank, that she is one of the custodians of records for Citibank, and her duties include having custody and control of records relating to Wynne's accounts. Texas courts have found similar affidavit testimony by other Citibank "servicer" personnel adequate to establish the affiant's personal knowledge for the purpose of authentication of the attached records. *See Jones v. Citibank (South Dakota), N.A.*, 235 S.W.3d 333, 337 (Tex.App.–Fort Worth 2007, no pet.); *Hay v. Citibank (South Dakota) N.A.*, No. 14-04-01131-CV, 2006 WL 2620089, *3 (Tex.App.–Houston [14th Dist.], Sept. 14, 2006, no pet.) (mem. op.). We find Gilbert's affidavit adequate for the purpose here. *Duran v. Citibank* (South Dakota), N.A., No. 01-06-00636-CV, 2008 WL 746532 (Tex.App.–Houston [1st Dist.], March 20, 2008, no pet. h.) (mem. op.).

Wynne also argues Gilbert's affidavit fails to comply with the requirements of Rule of Evidence 803(6). We find no merit in the argument. As noted, Gilbert's affidavit states she is one of the custodians of the records presented. The affidavit is substantially in the form set forth in Rule of Evidence 902(10)(b). Tex. R. Evid. 803(6); 902(10).

---

*Bocell,* 982 S.W.2d 52, 58-59 (Tex.App.–Houston [1st Dist.] 1998, no pet.). Challenges to summary judgment affidavits as conclusory allege a defect in substance. Tex. R. Civ. P. 166a(f); *Nichols v. Lightle,* 153 S.W.3d 563, 570 (Tex.App.–Amarillo 2004, pet. denied); *Dailey v. Albertsons, Inc.,* 83 S.W.3d 222, 225 (Tex.App.–El Paso 2002, no pet.).

[3] Failure to affirmatively show that the affiant had personal knowledge is a defect in form and must be preserved in the trial court. *Grand Prairie Indep. School Dist. v. Vaughan,* 792 S.W.2d 944, 945 (Tex. 1990). Here, Wynne has alleged that Gilbert's affidavit is not founded on personal knowledge as part of her argument that the affidavit is conclusory and therefore suffers from a substantive defect that may be raised for the first time on appeal.

Wynne further contends some of the billing statements appended to Gilbert's affidavit are not proper summary judgment evidence. She first points to the statement in Gilbert's affidavit that the attachments "are true and correct copies of duplicate monthly statements sent to Defendant for the Account over the relevant time period." Wynne questions why the affidavit refers to duplicate statements rather than "true and correct copies of the original statements." Wynne also points to dates that appear near the upper right corner of the statements appended to the affidavit. In some instances, those dates are well after the statement closing date that also appears on the statement.[4] The dates also are after the date of Gilbert's affidavit, which, according to its jurat, she signed on November 4, 2004. Wynne further points out that three of the statements appended to the affidavit[5] are dated after the date of Gilbert's affidavit and thus cannot have existed at the time she executed the affidavit. As Wynne's brief states, one explanation for the differences in dates appearing on the statements is that Citibank printed them from electronic records for attachment to the affidavit, and that the dates appearing in the upper right corner are the dates of their printing. She asserts that another reasonable conclusion is that Gilbert, contrary to her affidavit statement, had no personal knowledge regarding the billing statements attached to her affidavit. Wynne couches these assertions as challenges to the substance of Gilbert's affidavit. We find they assert defects in the form of the attachments. *Mathis,* 982 S.W.2d at 60.

_____

[4] For example, Wynne notes the date "11/10/04" also appears on statements with closing dates from July 25, 2001 through June 25, 2002, and the date "01/28/05" appears on statements with closing dates from July 25, 2002 through January 25, 2005.

[5] The statements appear as pages 69, 70 and 71 of the clerk's record.

5

Wynne makes a similar attack on the card agreements appended to Gilbert's affidavit. She points to the copyright date of 2003 appearing on the card agreements and questions how they can provide evidence of credit card accounts whose statements begin in 1996. These also are assertions of defects in the form of Citibank's affidavit attachments. *Id.* Because they were not raised in the trial court, they cannot serve as grounds for reversal of the summary judgment. *Thompson v. Curtis,* 127 S.W.3d 446, 450 (Tex.App.–Dallas 2004, no pet.); *Mathis,* 982 S.W.2d at 58-59. Gilbert's affidavit and its attachments were properly considered by the trial court.[6]

*Breach of Contract*

We agree with Wynne that Citibank's motion for summary judgment was grounded only on its breach of contract claim. The judgment thus must stand or fall on that ground alone. *Science Spectrum*, 941 S.W.2d at 912. Wynne argues the summary judgment evidence does not conclusively establish Citibank's entitlement to judgment on its breach of contract claim. In support, she contends the evidence of the existence of a valid contract is lacking. *See Hussong v. Schwan's Sales Enterprises, Inc.*, 896 S.W.2d 320, 326 (Tex.App.–Houston [1st Dist.] 1995, no writ) (listing elements of breach of contract action to include the existence of a valid contract). Citibank's summary judgment evidence is, in all material respects, like that Texas courts have found sufficient to establish a valid contract in other credit card cases. *See Duran v. Citibank* (South Dakota), N.A., No. 01-06-

---

[6] Wynne's motion for new trial does not assist her here. *See Gomez v. Allstate Texas Lloyds Ins. Co.,* 241 S.W.3d 196, 202 (Tex.App.-Fort Worth 2007, no pet.) (objections to defects in form of affidavits or attachments to a summary judgment motion raised for the first time in a motion for new trial are insufficient to preserve error).

00636-CV, 2008 WL 746532 (Tex.App.–Houston [1ˢᵗ Dist.], March 20, 2008, no pet. h.) (mem. op.); *Hinojosa v. Citibank (South Dakota), N.A.*, No. 05-07-00059-CV, 2008 WL 570601 (Tex.App.–Dallas, March 4, 2008, no pet. h.) (mem. op.)*; Jones v. Citibank (South Dakota), N.A.*, 235 S.W.3d 333, 337 (Tex.App.–Fort Worth 2007, no pet.); *Hay v. Citibank (South Dakota) N.A.*, No. 14-04-01131-CV, 2006 WL 2620089, *3 (Tex.App.–Houston [14ᵗʰ Dist.], Sept. 14, 2006, no pet.) (mem. op.) (finding conclusive evidence of contract under South Dakota, federal and Texas law). The billing statements establish Wynne's acceptance and use of the Citibank credit card.

We do not find the 2003 copyright dates on the Citibank card agreements attached to Gilbert's affidavit fatal to its summary judgment motion. The affidavit says that the card agreements attached are true and correct copies of the "written contract entered into by [Wynne] for use of the [a]ccount[s]." Indulging in Wynne's favor every reasonable inference raised by the summary judgment evidence, her contentions do not demonstrate how the 2003 date raises a material issue of fact, in light of the undisputed information contained in the billing statements.

Wynne finally presents an argument based on *Tully v. Citibank (South Dakota), N.A.*, 173 S.W.3d 212 (Tex.App.–Texarkana 2005, no pet.), in which the court found Citibank had not conclusively established the amount due under the breached credit card agreement because its summary judgment evidence did not prove Tully had agreed to the interest rate used in the bank's calculations. The court in *Hinojosa* rejected a similar argument, and we reject it here for the same reason. *See Hinojosa,* 2008 WL 570601.

Like the card agreement in *Hinojosa*, the card agreement here states the annual percentage rate in effect will appear on the monthly billing statements, and the billing statements are in the record. *Id.*

We conclude that Citibank met its burden to establish the existence of a valid contract as a matter of law and accordingly, the trial court did not err in granting summary judgment in Citibank's favor.

*Summary Judgment on Attorney's Fees*

As noted, Wynne filed a response to Citibank's initial motion for summary judgment, controverting the reasonableness and necessity of its claimed $7883.54 in attorney's fees. Citibank later filed an affidavit of Allen Adkins, its attorney, dated June 1, 2005, and stating reasonable attorney's fees in the case totaled $915. It then filed a motion for summary judgment on attorney's fees, giving notice of hearing on the motion for December 15, 2005. Wynne filed a response to the motion, pointing out Adkins's affidavit conditioned its assertion of the truth of its statements on "the best of [affiant's] knowledge and belief."[7] Wynne's response asserted such an affidavit is no evidence, and asked that Citibank's motion be denied. On the day of the hearing, December 15, Citibank filed an amended affidavit, the contents of which are substantively identical to the June affidavit but omitted the "best of knowledge and belief" statement.

---

[7] The response is dated December 8 and file-marked December 12, 2005.

8

Wynne contends on appeal the trial court erred by granting Citibank summary judgment for $915 in attorney's fees. We will overrule the contention.

Wynne is correct that Adkins's June 1 affidavit was defective. The defect, however, was one of form, not substance. As Wynne's objection at trial and her brief on appeal point out, the defect caused by the improper inclusion of the "best of knowledge and belief" statement in the June 1 affidavit closely resembles that in *International Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 808 (Tex.App.–Fort Worth 1994, writ denied), in which the court found defective an affidavit by counsel based on best knowledge. But the court also found that the right to complain of the defect on appeal was subject to waiver. *Id*. Wynne filed an objection in the trial court to Adkins's June 1 affidavit, but the record does not reflect a ruling on the objection. *Cf. Martinez v. IBP, Inc.*, 961 S.W.2d 678, 685 (Tex.App.–Amarillo 1998, pet. denied) (trial court overruled objection to summary judgment affidavit). Accordingly, no objection to the trial court's reliance on Adkins's June 1 affidavit may be asserted now.[8] *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 343 n.7 (Tex. 1993); *Youngblood v. U.S. Silica Co.,* 130 S.W.3d 461, 468-69 (Tex.App.–Texarkana 2004, pet. denied). The trial court did not err by granting summary judgment on attorney's fees.

---

[8] We need not address Wynne's appellate objection to Adkins's affidavit filed on December 15.

Concluding the trial court did not err by its grant of summary judgment, we overrule Wynne's issue and affirm the judgment.


James T. Campbell
Justice