

## NUMBER 13-21-00328-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

DANA HOLCOMB,                                                      **Appellant,**

**v.**

MICHAEL TRAGARZ,
STEPHANIE FRAZIER,
AND CURTIS BLESSING,                                              **Appellees.**

**On appeal from the 201st District Court
of Travis County, Texas.**

## MEMORANDUM OPINION

**Before Justices Tijerina, Silva, and Peña
Memorandum Opinion by Justice Tijerina**

Appellant Dana Holcomb appeals from an order granting appellees Michael Tragarz, Stephanie Frazier, and Curtis Blessing's special appearance and dismissing his claims against them for lack of personal jurisdiction. By two issues, Holcomb asserts the trial court erred because: (1) Tragarz and Frazier have substantial contacts with Texas,

and (2) Blessing committed a tort in Texas thereby subjecting himself to jurisdiction in Texas. We affirm.

## I. BACKGROUND[1]

Holcomb is a Texas resident. Tragarz, an American Airlines flight captain, Frazier, an American Airlines flight attendant, and Blessing, a former spokesman for American Airlines, are not Texas residents. None are domiciled in Texas. American Airlines is headquartered in Texas.

In April 2019, Holcomb partook in an American Airlines round-trip flight from Texas to Nevada. Holcomb held a first-class ticket and occupied a first-class seat while the plane was stopped in a layover in Arizona. While on the tarmac in Arizona, a White female passenger boarded the first-class cabin with her dog. According to Holcomb, he became ill with allergies, and some passengers exchanged seats to keep the dog further away from him. Holcomb asserted that he was then ordered to sit at the rear of the plane in coach because he was African American while the White female and her dog remained in first class. As a direct result of the incident, Holcomb allegedly has sustained embarrassment, humiliation, and personal injuries.

In January 2021, Holcomb sued American Airlines and each individual appellee in Travis County for violation of Arizona state law 41-1442, asserting that appellees removed him from his priority first class seat, "so that a white person with a dog could travel in the First Class compartment of the plane." Holcomb further asserted intentional infliction of

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

emotional distress and breach of contract causes of action. He also alleged Blessing published a defamatory statement, knowing it would be transmitted to Texas. He attached affidavits from fellow passengers Jay Youngdahl and Doug Robinson.

In his affidavit, Youngdahl stated that after some of the other passengers exchanged seats with Holcomb, he thought the situation regarding the dog was resolved. However, he thereafter heard Captain Tragarz say, "I think the man is going to be a danger at 35,000 feet." According to the affidavit, airline personnel then "force[d] Mr. Holcomb off the plane" before ordering all passengers off the plane. Youngdahl stated that he informed Captain Tragarz, "That was a racist thing, sir" because "Holcomb sat in his seat the whole time" and was not confrontational. Robinson similarly stated the seating problem was resolved when other passengers offered to exchange seats, but it "was clear the captain was pursuing to get [Holcomb] off the plane" when Holcomb "was never confrontational."

Appellees filed a special appearance, a motion to dismiss for forum non conveniens, and specially excepted to Holcomb's causes of action. Appellees asserted Texas courts did not have personal jurisdiction over them because all operative facts took place in Arizona, and they have no personal ties to Texas. The trial court sustained the special appearance, finding that it did not have personal jurisdiction over appellees, and dismissed all claims and causes of action against appellees.[2] This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 54.014(a)(7) (allowing for interlocutory appeal from

---

[2] In its order, the trial court further denied American Airlines's motion to dismiss for forum non conveniens. American Airlines is not a party to this appeal.

an order granting a special appearance).

## II.    STANDARD OF REVIEW AND APPLICABLE LAW

"A court must have personal jurisdiction over a defendant to issue a binding judgment." *State v. Volkswagen Aktiengesellschaft*, __ S.W.3d __, 2023 WL 3262271, at *3 (Tex. May 5, 2023). A special appearance allows a nonresident to appear in a Texas court for the limited purpose of challenging the court's exercise of personal jurisdiction over the nonresident. *See* TEX. R. CIV. P. 120a(1). Personal jurisdiction involves a court's ability to bind a party to a particular judgment if the Texas long-arm statute authorizes the exercise of jurisdiction, and the exercise of jurisdiction is consistent with state and federal due process guarantees. *Volkswagen*, 2023 WL 3262271, at *3. We review whether a court has personal jurisdiction over a nonresident de novo. *Id.* When, as here, a trial court does not issue findings of fact and conclusions of law, "we presume all factual disputes were resolved in favor of the trial court's decision unless they are challenged on appeal." *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021).

The plaintiff bears the initial burden of alleging facts that establish the trial court's jurisdiction*. Volkswagen*, 2023 WL 3262271, at *3; *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). If the plaintiff fails to plead facts to bring the nonresident within the reach of the court's jurisdiction, the nonresident need only prove that it does not live in Texas to negate personal jurisdiction. *Volkswagen*, 2023 WL 3262271, at *3. Once the plaintiff pleads sufficient jurisdictional allegations, the burden shifts to the defendant to negate all potential bases for personal jurisdiction that exist in the plaintiff's pleadings. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). "The defendant can

4

negate jurisdiction on either a factual or legal basis." *Id.* at 659. "Factually, the defendant can present evidence that it has no contacts with Texas," and the "plaintiff can then respond with its own evidence that affirms its allegations." *Id.* "Legally, the defendant can show that even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction . . . ." *Id.*

Under the long-arm statute, Texas courts may exercise personal jurisdiction over a nonresident that does business in Texas. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *Volkswagen*, 2023 WL 3262271, at *3; *PHC-Minden, L.P, v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007). A nonresident "does business" in Texas if, among other things, it "commits a tort in whole or in part" in the state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2). The Texas long-arm statute extends personal jurisdiction "as far as the federal constitutional requirements of due process will permit." *M & F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 885 (Tex. 2017) (cleaned up); *see PHC-Minden*, 235 S.W.3d at 166. "A state's exercise of jurisdiction comports with federal due process if the nonresident defendant has 'minimum contacts' with the state and the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *M & F Worldwide*, 512 S.W.3d at 885 (quoting *Walden v. Fiore*, 571 U.S. 277, 284 (2014)); *PHC-Minden*, 235 S.W.3d at 166. Whether the forum has general or specific jurisdiction depends on the nonresident's contacts with the forum. *Luciano*, 625 S.W.3d at 9.

### III.    GENERAL JURISDICTION

Holcomb argues the trial court improperly granted appellees' special appearance

5

because Captain Tragarz and Frazier "have substantial contacts with the State of Texas and the exercise of jurisdiction over them would not offend notions of fair play and substantial justice." Specifically, Holcomb asserts that Captain Tragarz and Frazier "both clearly have continuous, systematic, and meaningful contacts" with Texas.[3]

## A.      Applicable Law

Texas courts have general jurisdiction over a nonresident whose "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *TV Azteca v. Ruiz*, 490 S.W.3d 29, 37 (Tex. 2016) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014)). "This kind of personal jurisdiction allows courts to render a binding judgment against a defendant even if the plaintiff's claims neither arise from activities conducted in the forum state nor relate to the forum State or the defendant's activity there." *Volkswagen*, 2023 WL 3262271, at *7 (internal quotations omitted). Under general jurisdiction, the plaintiff's cause of action "may concern events and conduct anywhere in the world, subject to certain correlative limit[s]." *Id.* (internal quotations omitted); *M & F Worldwide*, 512 S.W.3d at 885 (providing that the forum may exercise jurisdiction over the nonresident "based on any claim, including claims unrelated to the defendant's contacts with the state"). The test for general jurisdiction is a "high bar," *Searcy*, 496 S.W.3d at 72, because "[e]ven when a defendant's contacts may be continuous and systematic, they are insufficient to confer general jurisdiction if they fail to rise to the level of rendering a defendant 'essentially at home in the forum [s]tate.'" *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 565 (Tex. 2018) (quoting *Searcy*,

---

[3] Holcomb does not include Blessing in this argument.

496 S.W.3d at 72). "General jurisdiction is premised on the notion of consent. That is, by invoking the benefits and protections of a forum's laws, a nonresident defendant consents to being sued there." *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 808 (Tex. 2002). "The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *M & F Worldwide*, 512 S.W.3d at 886 (citation omitted).

## B.    Discussion

Holcomb alleged that Tragarz and Frazier regularly conduct "longstanding and substantial business" in Texas by providing flight services in and out of Texas and regularly attending certification classes in Texas. While the evidence presented shows that Tragarz and Frazier have had a few sporadic contacts with Texas as part of their employment in the flight business, these isolated trips fall short of the "continuous, systematic, and substantial" contact required to confer general jurisdiction over Tragarz and Frazier, and we do not deem them significant as to render them continuous and systematic. *See Moni Pulo Ltd. v. Trutec Oil & Gas, Inc.*, 130 S.W.3d 170, 179 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("[I]t is difficult to say that two or three visits a year are continuous and systematic."); *see also Coleman*, 83 S.W.3d at 809 (holding that attendance at five Texas conferences did not support the exercise of personal jurisdiction). Furthermore, "[w]e are not concerned with actions that are based on the unilateral acts of a third party," such as here, where Tragarz and Frazier travel to Texas as part of their employment. *Ashdon, Inc. v. Gary Brown & Assocs., Inc.*, 260 S.W.3d 101,

113 (Tex. App.—Houston [1st Dist.] 2008, no pet.) ("Brown's travel to attend sales meetings does not satisfy general jurisdictional principles because Brown did not choose to travel to Texas."); *see PHC-Minden*, 235 S.W.3d at 170 (noting that employees attending meetings in Dallas as part of their employment does not establish general jurisdiction).

Holcomb asserts that defending this suit in Texas court "would place a relatively insignificant burden on" Captain Tragarz and Frazier because "[b]oth [d]efendants have access to free travel through American" Airlines and the airline "is also paying for their defense in this matter." However, in conducting the general jurisdiction "dispute-blind inquiry," "we focus solely on [Captain Tragarz's and Frazier's] contacts with Texas." *See PHC-Minden*, 235 S.W.3d at 170. That Captain Tragarz and Frazier have convenient access to Texas based on their financial employment is not indicia of "continuous and systematic" presence in a forum. *See id.* Here, Captain Tragarz and Frazier do not maintain an office in Texas, do not have employees in Texas, do not have representatives in Texas, do not have agents in Texas, do not have assets in Texas, do not have property in Texas, do not have bank accounts in Texas, and do not have registered agents for process of service in Texas. *See Moki Mac River Expeditions v. Drugg*, 270 S.W.3d 799, 803 (Tex. App.—Dallas 2008, no pet.). Additionally, "merely contracting with a Texas company does not necessarily constitute 'purposeful availment' for jurisdictional purposes." *Ashdon*, 260 S.W.3d at 113; *see Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 772–74 (Tex. 1995) (finding no general jurisdiction when defendant never maintained an office or other place of business in Texas and had no agents in Texas);

8

*Int'l Turbine Serv., Inc. v. Lovitt*, 881 S.W.2d 805, 810 (Tex. App.—Fort Worth 1994, writ denied) (finding no general jurisdiction when defendant did not have office, employee, or market business within Texas). Because Tragarz's and Frazier's contacts in Texas are not continuous and systematic as to render them "essentially at home," we find no general jurisdiction. *See TV Azteca*, 490 S.W.3d at 37; *see also James v. Ill. Cent. R.R.*, 965 S.W.2d 594, 598 n.1 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (considering "the lack of an office, agent, or the solicitation of business as determinative to the exercise" of general jurisdiction). We overrule Holcomb's first issue.

## IV.    SPECIFIC JURISDICTION

Holcomb further argues that Blessing committed a tort "in whole or in part, in the State of Texas and, therefore, subjected himself to its jurisdiction."[4]

### A.    Applicable Law

Specific jurisdiction "covers defendants less intimately connected with [the forum state], but only as to a narrower class of claims." *Volkswagen*, 2023 WL 3262271, at *7 (cleaned up). "For a Texas court to exercise specific jurisdiction over a defendant, the defendant's purposeful contacts must be substantially connected to the operative facts of the litigation or form the basis of the cause of action." *Old Republic*, 549 S.W.3d at 559–60. The cause of action must arise from the defendant's purposeful contacts with Texas and such contacts must not be too attenuated. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 577 (Tex. 2007). The purposeful-availment analysis includes: (1) only the nonresident defendant's purposeful contacts with the forum—not the unilateral activity of

---

[4] Holcomb does not include Captain Tragarz and Frazier in this argument.

9

another party or third person; (2) the nonresident's purposeful acts—not "random, fortuitous, or attenuated" contacts by the nonresident; (3) whether the nonresident sought "some benefit, advantage[,] or profit by availing itself of [Texas's] jurisdiction," thus, consenting to suit in the forum. *Volkswagen*, 2023 WL 3262271, at *8; *M & F Worldwide*, 512 S.W.3d at 886.

## B.    Discussion

Here, Holcomb alleged that "[t]he torts occurred in Phoenix, Arizona and Arizona law is applicable to such torts including discrimination in accommodations." Holcomb further stated that he and "AMERICAN AIRLINES COMPANY, entered into an agreement" wherein Holcomb "fully performed his part of the agreement" and "AMERICAN AIRLINES" materially breached its contractual agreement. According to Holcomb, "AMERICAN AIRLINES COMPANY'S [] breach caused [him] injury," "which resulted in the loss of the fare" and "mental anguish." Thus, Holcomb's breach of contract cause of action complains of American Airlines—not Blessing. *See Kelly*, 301 S.W.3d at 660–61; *cf. Horizon Shipbuilding, Inc. v. BLyn II Holding*, LLC, 324 S.W.3d 840, 847 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that the plaintiff's allegation that defendants committed torts in Texas was sufficient to bring defendants under the long-arm statute).

Regarding the intentional infliction of emotional distress, Holcomb asserts that Blessing "gave a statement to a Texas reporter" and "knew his statements would be viewed by Texas residents." Although Holcomb attempts to link Blessing's alleged tortious actions to Texas, the mere fact that Blessing's statements "travel into Texas is insufficient

to support specific jurisdiction because that fact does not establish that [Blessing] purposefully" availed his activities at Texas. *TV Azteca*, 490 S.W.3d at 45 ("[C]ourts cannot base specific jurisdiction merely on the fact that the defendant knows that the brunt of the injury will be felt by a particular resident in the forum state.") (internal quotations omitted). Blessing gave a statement to a Texas reporter and knew his statement would be reached in Texas, but this fact does not establish that Blessing purposefully sought to serve the Texas market though this broadcast. *See id.* at 49.

Moreover, "the subject matter of the allegedly defamatory broadcasts" is completely unrelated to Texas. *Id.* at 47. Furthermore, Blessing did not physically enter Texas, did not seek revenue from Texas, and did not make efforts to distribute his broadcast or increase popularity in Texas. *See id.* at 52; *see also Volkswagen*, 2023 WL 3262271, at *12 (holding that contacts with the forum "cannot be accidental, mere happenstance, or simply foreseeable"). Thus, Blessing's statement to a Texas reporter does not "justify a conclusion that [Blessing] could reasonably anticipate being called into a Texas court." *M & F Worldwide*, 512 S.W.3d at 886; *cf. Volkswagen*, 2023 WL 3262271, at *17 (providing that "nonresident defendants purposefully avail themselves of a forum state's jurisdiction only when they seek some benefit, advantage, or profit from their contacts with the jurisdiction" thereby invoking the benefits and protections of a forum's laws) (cleaned up). Instead, the "touchstone of jurisdictional due process" is "purposeful availment," and a defendant purposefully avails itself of the benefits of activities in the state only when its contacts are purposeful rather than random, fortuitous, or attenuated, and it seeks "some benefit, advantage[,] or profit by availing itself of [Texas's] jurisdiction."

11

*See Volkswagen*, 2023 WL 3262271, at *8.

Accordingly, we conclude that Blessing's contacts with Texas were not purposeful rather than random, fortuitous, or attenuated, and Blessing did not seek some benefit, advantage, or profit by availing himself of the jurisdiction. *See Volkswagen*, 2023 WL 3262271, at *7 (holding that specific jurisdiction involves a "claim-by-claim" analysis focusing "on the relationship between the defendant, the forum state, and the operative facts of the litigation"); *Old Republic*, 549 S.W.3d at 565–66; *TV Azteca*, 490 S.W.3d at 52 ("A claim arises from or relates to a defendant's forum contacts if there is a 'substantial connection between those contacts and the operative facts of the litigation.'" (quoting *Moki Mac*, 221 S.W.3d at 585)); *Searcy*, 496 S.W.3d at 70 ("Specific jurisdiction, in short, does not turn on where a plaintiff happens to be, and does not exist where the defendant's contacts with the forum state are not substantially connected to the alleged operative facts of the case."). We overrule Holcomb's second issue.

## V.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
29th day of June, 2023.

12