Joseph P. CONTE, Jr., Appellant,

v.

Susan C. CONTE, Appellee.

No. 01–98–00651–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 2001.

Wesley S. Coddou, Coddou & Coddou, Houston, for appellant.

Steven J. Watkins, McGinnis, Lochridge & Kilgore, L.L.P., Houston, for appellee.

M. Jimmy Walker, Randall Lamb, Dinkins, Kelly, Lenox & Lamb, L.L.P., Houston, for other interested parties.

Panel consists of Justices MIRABAL, JENNINGS, and DUGGAN.*

## OPINION

DUGGAN, Justice (Retired).

This is an appeal of two summary judgments, awarded in a declaratory judgment action. In the first summary judgment,

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

the trial court ruled that an action by one co-trustee to remove another would not violate the *"in terrorem"* or "no contest" clause in the trust. In the second, the trial court ruled that the co-trustee who defended the action was not entitled to be reimbursed for his attorney's fees from the trust. Appellant presents two issues, asserting the trial court erred in granting the summary judgments because (1) a suit to remove a co-trustee violates the plain language of the trust's *in terrorem* provision, and (2) the trust provides for the reimbursement of a co-trustee's legal fees and costs. We affirm.

### Background

Joseph P. Conte (Joseph, Sr.) and Doris L. Conte (Doris), as Grantors, and Joseph P. Conte, as Trustee, created the Joseph P. Conte Family Trust (the Trust) by trust agreement dated December 8, 1987. Section 5.1 of the Trust provides:

> Upon the death of either of the Grantors, the surviving Grantor and *the Grantors' children shall serve as Co Trustees hereunder.* After the death of the Husband, it is the Husband's desire that all financial recommendations made by the Grantors' son, Joseph P. Conte, Jr., when he is serving as Co–Trustee, be seriously considered.

The *in terrorem* clause in Section 8.9 states:

> If *any beneficiary or remainderman* under this trust agreement *in any manner, directly or indirectly, contests or challenges this trust or any of its provisions,* any share or interest in any trust established by this instrument given to

that contesting beneficiary or remainderman under this instrument is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary or remaindermen had predeceased the Grantors without descendants.

The trust did not contain any provisions regarding removal of a trustee.

After Joseph, Sr. died in 1993, the Grantors' children, appellant, Joseph P. Conte, Jr. (Joseph, Jr.), and appellee, Susan C. Conte (Susan), became co-trustees along with their mother, Doris. Disagreements soon arose among the co-trustees.[1] In June 1997, Susan filed this suit against Joseph, Jr., seeking a declaratory judgment that an action brought by her to remove Joseph, Jr. as co-trustee would not violate Section 8.9 of the Trust. Joseph, Jr. answered the lawsuit and counterclaimed, alleging that Susan had forfeited her interest in the trust pursuant to the *in terrorem* clause and breached the November 1996 settlement agreement. He also sought attorney's fees. Ultimately, Joseph, Jr. withdrew these breach of contract and forfeiture claims.

The trial court granted Susan's motion for partial summary judgment, declaring, as a matter of law, that an action by a co-trustee to remove another co-trustee does not violate the *in terrorem* clause.

Susan argued in a second motion for summary judgment that Joseph, Jr. was not authorized to incur attorney's fees on behalf of the Trust in this case. The trial court granted this motion and ordered that Joseph, Jr. take nothing on his counterclaim for attorney's fees.[2] Joseph, Jr. filed

---

1. In November 1996, the parties to this suit and their mother settled a lawsuit involving this trust: *Doris L. Conte and Susan C. Conte v. Joseph P. Conte, Jr.,* No. 284,968 (Probate Court No. Two (2), Harris County, Texas).

2. Judge Mike Wood granted the first summary judgment. The case was then trans-

ferred to Judge Austin. Joseph, Jr. asserts in his statement of facts that Judge Wood orally denied Susan's second motion at a hearing on December 19, 1997. However, the record contains no written order that reflects such a ruling. Susan filed a Supplemental Motion for Summary Judgment that Judge Austin

a timely appeal of both summary judgment orders. During the pendency of this appeal, the probate court signed an agreed order appointing a successor temporary trustee, Paula Miller. The temporary trustee has filed a brief on behalf of the Trust as an amicus curiae. *See* TEX.R.APP. P. 11.

### Construction of the In Terrorem Clause

■ The trial court's judgment declared:

[A] petition hereafter filed by a Co–Trustee of the Trust to remove a Trustee of the Trust does not violate the 'in terrorem' or 'no contest' clause contained in Section 8.9 of Article VIII of the Trust.

The actual *merits* of any subsequent action to remove Joseph, Jr. as co-trustee were not before the trial court and are not at issue in this appeal. Because neither party argued below that the trust was ambiguous, we interpret the *in terrorem* provision as a matter of law. *Myrick v. Moody*, 802 S.W.2d 735, 738 (Tex.App.—Houston [14th Dist.] 1990, writ denied). Courts must strictly construe these provisions. *In re Estate of Hodges*, 725 S.W.2d 265, 268 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.).

■ Susan argues that the plain language of the *in terrorem* clause prohibits only certain actions by a "beneficiary" or "remainderman" but does not address actions by a co-trustee; therefore, Susan urges, she, in her capacity as co-trustee, could bring an action to remove a co-trustee (specifically, Joseph, Jr.) without violating the clause. Joseph, Jr. argues that because the co-trustees are also beneficiaries, an action by one of them to remove the other violates the clause.

The *in terrorem* clause states that a beneficiary or remainderman is prohibited from "contest[ing] or challeng[ing] this trust or any of its provisions." Applying a strict construction to the clause, as we must, we find two bases to support the trial court's judgment. First, this language does not prohibit or even address actions by a trustee. Thus, an action by one trustee to remove another would not violate the clause. Second, neither this clause nor any other provision of the trust addresses the removal of a trustee; the trust agreement does not expressly prohibit anyone, whether remainderman, beneficiary, or co-trustee, from seeking removal of a trustee.[3] Therefore, the trust provisions of the Texas Property Code, not the trust, govern removal of a trustee. *See* TEX. PROP.CODE ANN. § 113.082 (Vernon 1995).[4] Because the trust is silent regarding the removal of a trustee, even a beneficiary or remainderman who sought removal of a trustee would not violate the *in terrorem* clause. Thus, we agree with Susan that the declaratory judgment is consistent with a strict construction of the *in terrorem* clause.

Other Texas courts have held that a beneficiary's action to remove an executor

---

heard on February 12, 1998. Joseph, Jr. does not argue Judge Austin improperly heard the motion.

3. The trust requires that *"when [Joseph, Jr.] is serving as co-trustee,"* his financial recommendations "be seriously considered," but does not say he cannot be removed as co-trustee.

4. Section 113.082(a) of the Texas Property Code provides that a trustee may be removed in accordance with the terms of the trust instrument, *or*, on the petition of an interested person and after hearing, a court may remove a trustee and deny part or all of the trustee's compensation if: (1) the trustee materially violated or attempted to violate the terms of the trust and the violation or attempted violation results in a material financial loss to the trust; (2) the trustee becomes incompetent or insolvent; or (3) in the discretion of the court, for other cause.

does not trigger a will provision similar to the trust provision at issue here. *See McLendon v. McLendon,* 862 S.W.2d 662 (Tex.App.—Dallas 1993, writ denied); *In re Estate of Newbill,* 781 S.W.2d 727 (Tex. App.—Amarillo 1989, no writ).

In *McLendon,* the plaintiff beneficiaries sought to remove co-executors for mismanagement of the estate. The will contained the following *in terrorem* clause:

> In the event any individual contests this Will or otherwise attempts to attack, modify or impair the validity of the provisions hereof, I direct that if such individual be a beneficiary hereunder, his or her sole inheritance from my estate shall be One Dollar ($1.00).

862 S.W.2d at 667. The court construed this language to prohibit a beneficiary from contesting the validity of the will or seeking to attack, modify, or impair the validity of its provisions, but not to prohibit a beneficiary from instituting legal action against a co-executor for breach of fiduciary duties. *Id.* at 679. Interestingly, the *McLendon* court did not consider whether the plaintiffs' removal action actually constituted an "attempt to attack, modify or impair" the provisions of the will, but based its decision on the premise that "the right to challenge a fiduciary's actions is inherent in the fiduciary/beneficiary relationship." *Id.*

In *Newbill,* the testator's will appointed a beneficiary, Joe Newbill, as executor without bond and as trustee of the corpus of the estate with instructions as to how to administer the corpus for the beneficiaries. 781 S.W.2d at 728. Another beneficiary, Bennie Newbill, challenged Joe's appointment as temporary administrator and executor of the will. *Id.* at 727. Joe sought a declaratory judgment that Bennie's challenge violated the *in terrorem* clause of the will. *Id.* The *in terrorem* clause stated:

> If any beneficiary under this will in any manner directly or indirectly contests or attacks this will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me without issue.

*Id.* at 727–28. Bennie's challenge was based on section 78(f) of the Probate Code establishing minimum legal qualifications for an executor. The court held, based on a strict interpretation of the *in terrorem* clause:

> [S]uch an action is not an effort to vary the purpose and intent of the *testatrix* within the purview of the forfeiture clause at issue. To hold otherwise would be inconsistent with the obvious intent of the law to make sure that an applicant is properly qualified to execute the fiduciary duty necessary in the administration of an estate.

*Id.*

*McLendon* and *Newbill* support Susan's position. An action to remove a trustee, like an action to remove an executor, is not an effort to vary the grantor's intent. Joseph, Jr.'s interpretation of the *in terrorem* clause would deprive Susan of her statutory rights under the trust provisions of the Texas Property Code, as the proposed construction of the *in terrorem* clause in *Newbill* would have deprived the beneficiaries of the statutory right to ensure that the executor was qualified. Moreover, Joseph, Jr.'s interpretation, *i.e.,* a co-trustee can be removed only if unwilling or unable to serve, would make it impossible to remove a co-trustee even for malfeasance. We see nothing in the terms of the trust to show that it was the grantors' intent to retain a co-trustee even if that trustee breached his fiduciary duties to the trust.

Joseph, Jr. cites two cases in support of his position: *Gunter v. Pogue*, 672 S.W.2d 840 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), and *Hammer v. Powers*, 819 S.W.2d 669 (Tex.App.—Fort Worth 1991, no writ). We disagree that these decisions support his argument. *Gunter* and *Hammer* were both will contests in which beneficiaries sought to nullify wills because the testators lacked capacity and were unduly influenced. In both cases, the beneficiaries failed to meet their burden to prove that the challenge was based on good faith and probable cause. *Gunter*, 672 S.W.2d at 844; *Hammer*, 819 S.W.2d at 673. In both cases, the beneficiaries were found to have forfeited their bequests pursuant to *in terrorem* clauses. *Id.* Neither case involved efforts to remove an executor or trustee.

We overrule Joseph, Jr.'s first issue.

### Attorney's Fees

Joseph, Jr. cites three sources of authority for the proposition that the trust should pay his attorney's fees: (1) the Declaratory Judgment Act; (2) the trust provisions of the Texas Property Code; and (3) the provisions of the trust itself.

■ The award of attorney's fees in a declaratory judgment action lies in the discretion of the trial court. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). Because Joseph, Jr. did not prevail in the declaratory judgment action, the trial court did not abuse its discretion in declining to award him fees under the Declaratory Judgment Act. TEX. PRAC. & REM.CODE ANN. § 37.009 (Vernon 1997); *see Horne v. Ross*, 777 S.W.2d 755, 757 (Tex.App.—San Antonio 1989, no writ).

■ Section 113.018 of the Texas Property Code, like section 7.1(*o*) of the Trust

itself, authorizes a trustee to employ an attorney, but it does not address the conditions for reimbursement of attorney's fees from the trust estate. TEX. PROP.CODE ANN. § 113.018 (Vernon 1995). Section 114.064 provides for the award of attorney's fees in actions "under this code." TEX. PROP.CODE ANN. § 114.064 (Vernon 1995). However, this suit was not brought under the Property Code, but under the Declaratory Judgment Act. Therefore, Joseph, Jr. is not entitled to attorney's fees under the trust provisions of the Texas Property Code.

■ Finally, Joseph, Jr. contends that sections 5.4 and 7.1(*o*) of the Trust support his claim for attorney's fees. Section 5.4 provides in relevant part:

> Every Trustee shall be reimbursed for the reasonable costs and expenses incurred in connection with such Trustee's duties.

Section 7.1(*o*) authorizes any Trustee serving under the trust:

> To employ any attorney or accountant and to pay a pro rata share from each trust as reasonable compensation for all services performed by either of them.

While Sections 5.4 and 7.1(*o*) invest a trustee with authority to perform certain acts, neither section circumvents the mandate of section 5.1:

> Any time more than one Trustee is serving hereunder, any decision acted upon shall require unanimous support by all Co–Trustees then serving.

Clearly, Joseph, Jr.'s decision to employ counsel to defend against his co-trustee's declaratory judgment action was not the subject of unanimous support by all co-trustees. Thus, Joseph, Jr. is not entitled to be reimbursed for his attorney's fees from the Trust estate.[5]

---

5. We note from the record that Susan has paid her own attorney's fees directly from the Trust and without the consent of her co-trust-

ees. Because she did so of her own accord and did not seek reimbursement from the trial

We overrule Joseph, Jr.'s second issue. We affirm the trial court's judgment.

court, the trial court's judgment does not address this issue; therefore, it is not before this Court. Whether the Trust is entitled to be reimbursed from Susan for this expenditure is a matter for the successor trustee or Joseph, Jr., as a beneficiary of the Trust, to pursue.