**Reversed and Remanded and Opinion filed July 18, 2023.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-22-00619-CV

_____

## ROBERT L. MOODY, JR., Appellant

### V.

## IRWIN HERZ, JR., TRUSTEE OF THE THREE R TRUSTS; RUSSELL MOODY; FRANCES MOODY DAHLBERG; AND ROSS MOODY, Appellees

**On Appeal from the Probate Court
Galveston County, Texas
Trial Court Cause No. PR-0079641-B**

## OPINION

The plaintiff below filed a declaratory judgment action, but then he nonsuited his case after the defendants moved to dismiss it under Rule 91a. Because the nonsuit occurred before the trial court had an opportunity to rule on the defendants' motion, the defendants could not be treated as prevailing parties under the motion, nor could they recover any attorney's fees as provided by Rule 91a. Nevertheless, the

defendants requested an award of attorney's fees under the general terms of a statute, and the trial court granted that request.

In this appeal from the trial court's final judgment granting those requested attorney's fees, we conclude that the defendants were entitled to recover attorney's fees under the statute, but not for any time spent pursuing relief under Rule 91a. Because the record affirmatively shows that the award included fees incurred pursuing relief under Rule 91a, we reverse the trial court's judgment and remand the case to that court for additional proceedings.

## BACKGROUND

This case arises out of trust litigation.

Robert Moody, Jr. ("Bobby") is a beneficiary of a large family trust worth more than $400 million. In 2021, Bobby sued Irwin Herz, Jr., the trustee of that trust, seeking a declaratory judgment that would invalidate a 1974 supplement to the trust. In the event that the supplement were invalidated, Herz would be removed as trustee and Bobby could then appoint himself as trustee.

Bobby's siblings—Ross Moody, Frances Moody-Dahlberg, and Russell Moody—are also beneficiaries of the trust, and he joined them as necessary parties to his declaratory judgment action. In this opinion, we refer to Herz (the trustee) and to Bobby's siblings (the necessary parties) collectively as "the Appellees."

The Appellees filed separate answers, but their pleadings were largely the same. They each asserted the affirmative defense that Bobby's suit was barred by the statute of limitations. They also each asserted a counterclaim for attorney's fees.

The Appellees jointly moved to dismiss Bobby's suit under Rule 91a of the Texas Rules of Civil Procedure. The sole basis for this motion was the Appellees' limitations defense. The Appellees argued that any claim involving the 1974

2

supplement would have accrued nearly fifty years ago, that such a claim would be subject to a four-year statute of limitations, and that Bobby had no factual or legal basis for tolling the running of limitations.

The Appellees set their motion for an oral hearing, but seven days before that hearing, Bobby filed a notice of nonsuit. The trial court signed an order granting that nonsuit, but the order stated that the Appellees' counterclaims for attorney's fees remained pending.

The Appellees then submitted a written application for more than $78,000 in attorney's fees. The Appellees acknowledged in their application that they were not prevailing parties under Rule 91a, and thus, that their fees were not recoverable under that rule. However, the Appellees asserted that their requested fees were recoverable under the Texas Trust Code, which allows for the equitable and just recovery of attorney's fees incurred in any proceeding within its review. Despite their acknowledgment that they could not recover fees under Rule 91a, the Appellees still requested fees under the Trust Code for their attention in pursuing their Rule 91a motion.

Bobby objected to the Appellees' request. He argued that the Appellees could not circumvent Rule 91a by seeking attorney's fees under the Trust Code. He also argued that to whatever extent that fees were recoverable under the Trust Code, such fees must be unrelated to the Appellees' Rule 91a motion.

The trial court granted the Appellees' full request for attorney's fees, plus an amount of conditional appellate fees.

This appeal timely followed.

## STANDING

Before we address the merits of Bobby's appellate complaints, we first consider a threshold issue of standing raised by the Appellees.

During the hearing on their application for attorney's fees, the Appellees requested the trial court to render its final judgment against Bobby's separate trust, rather than against Bobby individually. The trial court granted this request over Bobby's objection. Bobby, in his individual capacity, then filed a notice of appeal, challenging the trial court's judgment.

The Appellees now argue that Bobby has no standing to pursue his appellate challenge because he is just a beneficiary of his separate trust and he cannot assert a derivative claim on behalf of that trust. The Appellees believe instead that any appellate challenge to the trial court's final judgment must be brought by the trustee of Bobby's separate trust—who also happens to be Herz.

Bobby contends that the Appellees' argument is "illogical" and "nonsensical" because the trial court awarded the attorney's fees to Herz, and "Herz has no reason to appeal a judgment that awards him the exact relief he requested." We agree with Bobby, but we base our standing decision on a different reason.

The right to appeal is generally limited to parties of record. *See State v. Naylor*, 466 S.W.3d 783, 789 (Tex. 2015). As the plaintiff below, Bobby was a party of record, but he was not named as a party to the trial court's final judgment. Nevertheless, this court has held that a nonparty to the judgment may still exercise the right to appeal if the nonparty clearly has an interest in the judgment and if the nonparty is bound by the judgment. *See In re Evans*, 130 S.W.3d 472, 478 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding [mand. denied]). That rule applies here.

4

Bobby has an interest in the judgment because the judgment orders the payment of attorney's fees directly from his separate trust. There is no dispute among any of the parties that the judgment deprives Bobby of an interest in that trust. In fact, the record reflects that the judgment was intentionally crafted to deprive Bobby of that interest. Even though Bobby is not named as a party to the judgment, he is still bound by the judgment. *See Jernigan v. Jernigan*, 677 S.W.2d 137, 140 (Tex. App.—Dallas 1984, no writ) (concluding, on similar facts, that the beneficiaries of a trust had standing to appeal a judgment that ordered the payment of attorney's fees out of the trust, because the beneficiaries were bound by the judgment, even though they were not specifically named as parties to the judgment); *see also Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843 (Tex. 2000) (citing approvingly to *Jernigan*).

We accordingly conclude that Bobby has standing to pursue this appeal.

## ATTORNEY'S FEES

Both sides correctly assert that attorney's fees are only available to prevailing parties under Rule 91a, and that the Appellees cannot be treated as prevailing parties because Bobby timely nonsuited his case before the trial court had an opportunity to rule on their motion to dismiss. *See* Tex. R. Civ. P. 91a.5(a) (providing that the trial court may not rule on a motion to dismiss if the nonmoving party files a nonsuit to the challenged cause of action at least three days before the date of hearing); *Thuesen v. Amerisure Ins. Co.*, 487 S.W.3d 291, 301–03 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (holding that "a party cannot be a prevailing party on a motion if the trial court did not rule on the motion" and that an "award of costs and attorney's fees under Rule 91a.7 is not available if the claimant nonsuits the claims in time").

But even though attorney's fees were not recoverable under Rule 91a, the Appellees still requested them under the Texas Trust Code (which is actually just a subtitle organized under the Texas Property Code). The Appellees relied specifically

5

on Section 114.064, which provides as follows: "In any proceeding under this code the court may make such award of costs and reasonable and necessary attorney's fees as may seem equitable and just." Tex. Prop. Code § 114.064. The trial court granted the Appellees' request and expressly cited that statute in its final judgment as the basis for the Appellees' recovery.

Bobby now challenges the trial court's judgment on several grounds. In one of those grounds, Bobby argues that relief is not available under Section 114.064 because his suit does not constitute a "proceeding under [the Texas Trust] code." Rather, Bobby insists that his suit was a proceeding under the Uniform Declaratory Judgments Act (UDJA), which is organized under the Texas Civil Practice and Remedies Code, not the Texas Trust Code. *See* Tex. Civ. Prac. & Rem. Code §§ 37.004–.005.

In support of his argument, Bobby relies solely on *Conte v. Conte*, 56 S.W.3d 830 (Tex. App.—Houston [1st Dist.] 2001, no pet.). In that case, a sister filed suit against her brother, who were each co-trustees of the same trust, seeking a declaratory judgment that an action to remove her brother as co-trustee would not violate the trust's *in terrorem* clause. *Id.* at 831. The brother counterclaimed for attorney's fees, which the trial court ultimately denied. *Id.* Even though the brother did not prevail on the declaratory judgment action either, he still argued that he should recover fees from the trust under Section 114.064. *Id.* at 834. The court of appeals disagreed with that argument and held as follows:

> Section 114.064 provides for the award of attorney's fees in actions "under this code." However, this suit was not brought under the Property Code, but under the Declaratory Judgment Act. Therefore, [the brother] is not entitled to attorney's fees under the trust provisions of the Texas Property Code.

*Id.*

6

Bobby argues that the same analysis should apply here, but we decline to follow it. *Conte* is not binding on us, nor are we persuaded by its cursory analysis, which fails to recognize that the UDJA is "merely a procedural device for deciding cases already within a court's jurisdiction." *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993).

There are additional reasons not to apply *Conte*. The Texas Trust Code provides that certain courts have original and exclusive jurisdiction over all proceedings to "construe a trust instrument," "determine the law applicable to a trust instrument," and "appoint or remove a trustee." *See* Tex. Prop. Code § 115.001(a)(1)–(3). Bobby sought all of these objectives in his declaratory judgment action against the Appellees. He also sued the trustee and the other beneficiaries of the trust, who are considered necessary parties in actions under the Texas Trust Code. *See* Tex. Prop. Code § 115.011(b). He specifically invoked the Texas Trust Code's venue statute in his original petition. *See* Tex. Prop. Code § 115.002. And he conceded in a live hearing on the Appellees' application for attorney's fees that his declaratory judgment action was a "proceeding brought under the Trust Code." Bobby cannot now claim the opposite.

We accordingly conclude that Bobby's suit was a proceeding under the Texas Trust Code.

Bobby argues next on several legal and public policy grounds that if, as here, attorney's fees are not recoverable under Rule 91a, then such fees should not be recoverable at all under any other statute or theory, including under the Texas Trust Code. We need not address each of Bobby's arguments, because this court has already reached the opposite conclusion in *HMT Tank Service LLC v. American Tank & Vessel, Inc.*, 565 S.W.3d 799 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

In *HMT*, the defendant filed a hybrid motion to dismiss based on Rule 91a and, alternatively, a contractual forum-selection clause. *Id.* at 804. The trial court granted the motion to dismiss without specifying its reasons, and it also awarded attorney's fees to the defendant. *Id.* at 804–05. On appeal to this court, we held that the defendant was not entitled under Rule 91a to either the dismissal order or the award of attorney's fees. *Id.* at 810. Nonetheless, we still upheld the order granting the motion to dismiss on the basis of the contractual forum-selection clause. *Id.* at 811–12. And we further determined that the defendant could also be entitled to an award of attorney's fees under the UDJA insofar as the defendant had responded to a declaratory judgment claim by arguing for the application of the forum-selection clause. *Id.* at 813. We then remanded the case to the trial court to reconsider that issue of the defendant's attorney's fees (as well as to determine the matter of the plaintiff's attorney's fees, which were mandatory under an earlier version of Rule 91a). *Id.* at 814.

The clear rule that emerged from *HMT* is that a party who does not prevail (or should not have prevailed) under Rule 91a may still be awarded attorney's fees under other discretionary fee-shifting statutes like the UDJA. Because Section 114.064 is "virtually identical" to the UDJA, we must likewise hold in this case that, even though the Appellees were not prevailing parties under Rule 91a, they were not absolutely precluded from recovering attorney's fees under that other statute. *See Hachar v. Hachar*, 153 S.W.3d 138, 142 (Tex. App.—San Antonio 2004, no pet.) ("Section 114.064 is virtually identical to the costs provision contained in the [UDJA].").

One additional rule emerged from *HMT*, and it also applies here.

We observed that the defendant in that case had recovered an award of attorney's fees that included amounts for work "in pursuing dismissal under both

rule 91a and the forum-selection clause." *See HMT*, 565 S.W.3d at 812 n.11. And we held that the judgment was reversible insofar as it "improperly include[d] attorney's fees and costs incurred by [the defendant] in pursuing rule 91a relief." *Id.* at 812. But we remanded the case to the trial court for it to determine, in its own discretion, whether the defendant should recover any fees under the UDJA. *Id.* 813–14. By expressly holding that the defendant had "improperly" recovered fees incurred in pursuing Rule 91a relief, we implicitly held that such fees could not be re-recovered on remand under the UDJA. If the rule had been otherwise, we would have simply affirmed the defendant's award of attorney's fees ourselves, because we also held that the defendant's pleadings had been sufficient to invoke the potential for fees under the UDJA, and in the absence of more particular findings, we could have presumed that the trial court had made all findings necessary to support a judgment under the UDJA. *Id.* at 813; *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam) ("In this case, no findings of fact or conclusions of law were requested or filed. It is therefore implied that the trial court made all the findings necessary to support its judgment.").

Thus, under *HMT*, if a party cannot recover attorney's fees under Rule 91a because the party did not prevail (or should not have prevailed) under that rule, the party may still recover attorney's fees under a discretionary fee-shifting statute, provided that those fees were not incurred in the pursuit of Rule 91a relief. This rule comports with the similar rule that "a party seeking attorney's fees must show that the fees were incurred on a claim that allows recovery of such fees, and thus is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not." *See Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 73 (Tex. 1997). This rule also preserves the underlying purpose of Rule 91a, which is to "incentivize[] a claimant having little or no chance of avoiding dismissal under

Rule 91a to nonsuit and put an end to the litigation costs for the challenged claims."
*See Thuesen*, 487 S.W.3d at 303.

The record in this case shows that the Appellees supported their application for attorney's fees with billing statements from various law firms. The billing statements contain many entries showing that the Appellees incurred fees for their counsels' attention in pursuing Rule 91a relief. The Appellees have not supplied any case law from this court or otherwise establishing that they can recover such fees when they are non-prevailing parties under Rule 91a. Under this court's decision in *HMT*, we conclude that the trial court abused its discretion by awarding the Appellees such fees.

## CONCLUSION

The trial court's judgment is reversed and the case is remanded to that court for a reconsideration of attorney's fees consistent with this opinion.

/s/     Tracy Christopher
         Chief Justice


Panel consists of Chief Justice Christopher and Justices Zimmerer and Poissant.