**REVERSED AND REMANDED and Opinion Filed September 18, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00194-CV**

**JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, Appellant**
**V.**
**PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP; PARTRICIA ROACH TACKER, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP; AND TRF GP, LLC TITULAR GENERAL PARTNER OF THE FLP, Appellees**

**On Appeal from the Probate Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. PR-21-00540-1**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

In this interlocutory appeal, appellant challenges the denial of his motion to

dismiss based on the Texas Citizens Participation Act and on the First Amendment

of the U.S. Constitution.[1] We reverse the denial of appellant's motion to dismiss and remand the case to the trial court.

## BACKGROUND

In 2007, Richard Roach executed a will that contained a "no-contest" provision—an *in terrorem* clause. In 2011, Richard executed a codicil to the will. It named an attorney, Stephen V. Hill, as a successor co-executor. It effectively removed Richard's son, appellant John Roach, as successor co-executor. In 2012, Richard executed a second codicil to his will. It named Hill as a successor co-trustee of trusts created by the will and as a limited-purpose fiduciary of a marital trust. It effectively removed John as successor co-trustee. Moreover, the second codicil reaffirmed "in the strongest possible terms" the will's *in terrorem* clause.

Richard died. The trial court signed an order admitting his will to probate and authorizing letters testamentary in 2016.

In 2021, John filed the present lawsuit. He sued Patricia S. Roach and Patricia Roach Tacker, Richard's surviving wife and surviving daughter, respectively (hereafter "appellees").[2] John's original petition alleged, "Plaintiff hereby prays for a declaratory judgment confirming . . . violations by Hill, aided and abetted by

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.08(a); *and see* U.S. CONST. amend. I.

[2] The third amended petition identified defendants as Patricia S. Roach, individually and as putative co-executor of the estate of Richard H. Roach, deceased, as putative co-trustee of the credit shelter trust and the marital trust, and as the admitted general partner of the FLP; Patricia Roach Tacker, individually and as putative co-executor of the estate of Richard Roach, deceased, as putative co-trustee of the credit shelter trust and the marital trust, and as admitted general partner of the FLP; and TRF GP, LLC, titular general partner of the FLP. Richard alleges the FLP is the Roach Family No. 1 Limited Partnership.

–2–

Defendants, and declaring that the instant Will is void as against public policy, as to the issues raised thereunder by this cause."

Appellees filed a traditional motion for summary judgment. They argued John's lawsuit was time-barred. John filed a traditional cross-motion for partial summary judgment. He sought a declaration that codicil provisions, addressed above, and the trial court's order admitting the allegedly illegal provisions are void. The trial court granted appellees' motion and denied John's.

Incident to this lawsuit, John's counsel filed a notice of lis pendens in Bosque County, Texas. It references this lawsuit and three tracts of land in Bosque County allegedly involved in this lawsuit.

Meanwhile, in another trial court, John filed a legal malpractice lawsuit against Hill. He alleged Hill, the sole defendant in that lawsuit, had represented him in other matters. John alleged Hill had drafted the codicils in 2011 and 2012 without his knowledge and to his detriment. Hill filed a TCPA motion to dismiss and a Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a. The trial court granted both motions. It dismissed all John's claims with prejudice on December 2, 2021.

As the legal malpractice lawsuit filed against Hill ran its course, this lawsuit continued. John filed a third amended petition. It requests, in part, a judicial declaration that Hill's drafting the codicil provisions violated the Texas Estates Code, the Texas Disciplinary Rules of Professional Conduct, and public policy. John alleges,

–3–

By writing himself into these Three Sentences [the codicil provisions] Hill violated these statutes and Texas public policy and breached his Fiduciary Duties to Decedent. Accordingly, Plaintiff hereby sues for a judicial construction and determination of the validity of the Three Sentences under said statutes and public policy and for a declaratory judgment that Hill breached his Fiduciary Duties to Decedent concerning same. Specifically, Plaintiff prays that the Court construe the Three Sentences as violating said statutes and public policy and as thus being invalid and void ab initio thereunder and/or as redress for Hill's breaches of Fiduciary Duties to Decedent.

Appellees filed a counterclaim that requested a declaration that John's allegations, above, violated the will's *in terrorem* clause and that all gifts to him under Richard's will be revoked.

John filed a "TCPA and constitutional motion to dismiss defendants' counterclaim." The trial court heard argument and took the matter under advisement. The motion was denied by operation of law.[3] The appellate record contains a transcript of the hearing on the motion. It does not contain findings of fact or conclusions of law.

John filed a notice of appeal. This appeal followed.

---

[3] *See* CIV. PRAC. & REM. § 27.008(a) ("If a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may appeal.")

## THE TCPA AND STANDARD OF REVIEW

Whether the TCPA applies to a legal action is an issue of statutory interpretation we review de novo. See *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 424 (Tex. App.—Dallas 2019, pet. denied). The TCPA defines "[l]egal action" as "a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal, declaratory, or equitable relief" but does not include certain matters not at issue here. TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6).

As an anti-SLAPP statute,[4] the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding).

In conducting our review, we must construe the TCPA "liberally to effectuate its purpose and intent fully." CIV. PRAC. & REM. § 27.011(b); *State ex rel Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018). The TCPA's stated purpose is to protect both a defendant's right to speech, petition, and association and a claimant's right to pursue valid legal claims for injuries. *See Montelongo v. Abrea*, 622 S.W.3d 290, 299 (Tex. 2021); *see also* CIV. PRAC. & REM. § 27.002.

---

[4] "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation." *Krasnicki v. Tactical Ent., LLC*, 583 S.W.3d 279, 282 (Tex. App.—Dallas 2019, pet. denied).

Consistent with general rules of statutory construction, we ascertain and give effect to the legislature's intent as expressed in the statutory language considering the specific language at issue and the TCPA as a whole. *See Dyer*, 573 S.W.3d at 424-25. We construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Id.*

Pleadings are the "best and all-sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We consider, in the light most favorable to the non-movant, the pleadings, evidence a court could consider under civil procedure rule 166a, and supporting and opposing affidavits stating the facts on which the liability or defense is based. *See* CIV. PRAC. & REM. § 27.006(a); TEX. R. CIV. P. 166(a); *Riggs & Ray v. State Fair of Tex*., No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.); *Reed v. Centurion Terminals, LLC*, No. 05-18-01171-CV, 2019 WL 2865281, at *3 (Tex. App.—Dallas July 3, 2019, pet. denied) (mem. op.); *Dyer*, 573 S.W.3d at 424.

Under the TCPA, subject to certain exemptions, '[i]f a legal action is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b), that party may file a motion to dismiss the legal action." CIV. PRAC. & REM. § 27.003(a). However, a court "may not' dismiss the legal action "if the party bringing [it] establishes by clear and

specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). Notwithstanding section 27.005(c), "the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.*, § 27.005(d).

## JOHN'S ISSUES

John brings two issues on appeal. First, he argues the trial court erred in denying his TCPA motion. Second, he argues the trial court erred in denying his "First Amendment claim."

## ISSUE ONE: THE TCPA MOTION

We initially address John's first issue: Whether the trial court erred in denying John's TCPA motion.[5]

## TCPA Step One

John argues he satisfied the first step of the TCPA analysis because appellees' counterclaim is based on or is in response to his declaratory judgment claim. Appellees concede filing a petition in a lawsuit implicates the exercise of the right to petition under the TCPA. *See Howard v. Matterhorn Energy, LLC*, 628 S.W.3d 319, 329 (Tex. App.—Texarkana 2021, no pet.) ("The '[e]xercise of the right to petition'

---

[5] We address John's TCPA issue first because his second issue is based on the First Amendment of the U.S. Constitution. *See Miller v. Colonial Lloyds*, No. 05-07-00121-CV, 2008 WL 2584893, at *2 (Tex. App.—Dallas July 1, 2008, no pet.) (mem. op.) (citing *In re B.L.D.*, 113 S.W.3d 340, 349 (Tex. 2003) ("As a rule, we only decide constitutional questions when we cannot resolve issues on nonconstitutional grounds.").

–7–

includes a 'communication in or pertaining to ... a judicial proceeding' and a 'communication in connection with an issue under consideration or review by a ... judicial ... body.' TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4)(A)(i), (4)(B)."). They contest, however, that their declaratory judgment counterclaim "is based on or is in response to" John's lawsuit. *See* CIV. PRAC. & REM. § 27.005(b)(1)(B).

To determine whether appellees' counterclaim was based on or in response to John's declaratory claim, we look to appellees' counterclaim. *See Hersh*, 526 S.W.3d at 467. We ask whether appellees' counterclaim was "factually predicated" on John's petition. *See Harrell v. Smith*, No. 05-22-00242-CV, 2022 WL 17335686, at *3 (Tex. App.—Dallas Nov. 30, 2022, no pet.) (mem. op.) (stating, in order to trigger the TCPA's protection, the legal action must be factually predicated on the alleged conduct that falls within the scope of the TCPA's definition of exercise of the right of free speech, petition, or association); *Riggs & Ray, P.C. v. State Fair of Texas*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.) (same); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 428 (Tex. App.—Dallas 2019, pet. denied) (same). If so, we conclude the claim is based on or in response to the petition. *See, e.g., Harrell*, 2022 WL 17335686, at *3.

As noted, appellees requested a declaration that John's allegations in this lawsuit violated the *in terrorem* clause. They also requested all gifts to John under the will be revoked.

John argues the allegations in his declaratory action thus "provide the factual predicate for Appellees' Counterclaim." Consequently, John argues, he demonstrated under step one that appellees' counterclaim was filed in response to or based on his declaratory claim. John cites *Marshall v. Marshall*, Nos. 14-18-00094-CV, 2021 WL 208459 (Tex. App.—Houston [14th Dist.] Jan. 21, 2021, pet. denied) (mem. op.). In *Marshall*, our sister court held a TCPA movant proved an *in terrorem* claim was based on or was in response to a TCPA movant's having filed a will contest previously in a Wyoming court. *Id.* at \*5.

Appellees make no attempt to distinguish *Marshall*. Instead, they argue John's "right to petition had already been exercised and exhausted" when the trial court entered summary judgment against John on his second amended petition. Appellees' argument is contrary to case law. *See, e.g., Brenner v. Centurion Logistics LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at \*5 n.2 (Tex. App.—Dallas Dec. 14, 2020, no pet.) ("Communications made in a pending lawsuit are exercises of the right to petition, *see* CIV. PRAC. & REM. § 27.001(4)(A)(i), and nothing in the TCPA suggests that they cease to be exercises of that right after the lawsuit concludes."); *see also Marshall*, 2021 WL 208459, at \*5 (*in terrorem* claim was based on or was in response to TCPA movant's will contest in Wyoming court). Moreover, John filed his third amended petition—which appellees allege violated the *in terrorem* clause—several weeks after the trial court entered summary judgment. We reject appellees' assertion

–9–

that the summary judgment "exhausted" John's exercise of his right to petition. *See Brenner*, 2020 WL 7332847, at \*5 n.2; *see also Marshall*, 2021 WL 208459, at \*5.

Additionally, appellees assert, "Simply because the declaratory judgment counterclaim came after John's will contest does not necessarily mean it was based on or in response to the will contest." As noted, we have concluded the factual predicate of appellees' counterclaim is John's declaratory claim. We reject appellees' argument. *See Harrell*, 2022 WL 17335686, at \*3; *Riggs & Ray, P.C.*, 2019 WL 4200009, at \*4.

Moreover, appellees allege John challenged the will and violated the *in terrorem* clause by filing his separate legal malpractice lawsuit against Hill. Filing a lawsuit is an exercise of the right to petition under the TCPA. *See Howard,* 628 S.W.3d at 332; *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 199 (Tex. App.—El Paso 2017, no pet.); *see also* CIV. PRAC. & REM. § 27.001(4)(A)(i), (4)(B). Appellees allege the Hill lawsuit indirectly violated the *in terrorem* clause due to John's allegations therein. Consequently, we conclude the Hill lawsuit is another factual predicate for appellees' counterclaim and that the counterclaim "is based on or is in response to" the Hill lawsuit. *See Harrell*, 2022 WL 17335686, at \*3; *Riggs & Ray, P.C.*, 2019 WL 4200009, at \*4.

After considering the pleadings and supporting affidavits in the light most favorable to appellees, *Dyer*, 573 S.W.3d at 424, and favoring the conclusion that John's claims are not predicated on protected expression, *see Damonte v. Hallmark*

*Fin. Servs., Inc.*, No. 05- 18-00874-CV, 2019 WL 3059884, at *5 (Tex. App.—Dallas July 12, 2019, no pet.) (mem. op.), we conclude John carried his step-one TCPA burden to demonstrate appellees' counterclaim was based on or in response to allegations in John's petition and on John's lawsuit against Hill. *See Harrell*, 2022 WL 17335686, at *3; *Riggs & Ray*, 2019 WL 4200009, at *4; *see also* CIV. PRAC. & REM. § 27.005(b); *Montelongo*, 622 S.W.3d at 296.

## TCPA Step Two

We next consider appellees' assertions that John's seeking declaratory relief in this lawsuit and his filing the lawsuit against Hill violated the *in terrorem* clause. At step two, the TCPA's clear-and-specific evidence standard requires more than mere notice pleading. *See Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). The nonmovant must provide enough detail to show the claim's factual basis. *Id.* However, the TCPA "does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Lipsky*, 460 S.W.3d at 591. We consider only the pleadings and evidence favoring the nonmovant when determining whether the nonmovant established the required prima facie proof. *See GN Ventures*, 2020 WL 5868282, at *6 (citing *Apple Tree Café Touring, Inc. v. Levatino*, No. 05-16-01380-CV, 2017 WL 3304641, at *2 (Tex. App.—Dallas Aug. 3, 2017, pet. denied) (mem. op.)).

Richard's will contained the following provision:

15.13 <u>No Contest</u>. If any beneficiary (other than my wife) under this will, under any trust created in this will, or under any trust receiving property from this will, in any manner, directly or indirectly, contests or joins in (except as a party defendant) any proceeding the effect of which is to nullify this will or any of its provisions, or a trust created in this will or any of its provisions, or a trust receiving property from this will or any of its provisions ("contesting beneficiary"), regardless of the good faith or just cause of the contesting beneficiary, any share or interest in my estate or in any trust created in this will given to that contesting beneficiary is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary and all of his issue had predeceased me. Each benefit conferred herein is made on the condition precedent that the beneficiary shall accept and agree to all the provisions of this will, and the provisions of this Paragraph 15.13 are an essential part of each and every benefit.

The second codicil provided:

By execution of this Codicil, I reaffirm and reassert in the strongest possible terms all of the contents of Section 15.13 on page 37 of my Last Will and Testament appearing in under the heading "No Contest."

When construing a will, courts focus on the testator's intent, which must be ascertained from the language found within the four corners of the will if possible. *See ConocoPhillips Co. v. Ramirez*, 599 S.W.3d 296, 301 (Tex. 2020). Generally, the purposes of an *in terrorem* clause is to dissuade beneficiaries from filing vexatious litigation, particularly among family members, that might thwart the intent of the testator. *See Di Portanova v. Monroe*, 402 S.W3d 711, 715-16 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (noting that courts "narrowly construe *in terrorem* clauses to avoid forfeiture, while also fulfilling the settlor's intent."). An *in terrorem* clause is strictly construed, and courts should find a breach of the clause only when the acts of the party come within the clause's express terms. *See Badouh v. Hale*, 22 S.W.3d

392, 397 (Tex. 2000). "If the purpose of a suit involving a will is to thwart the testator's intention, the forfeiture clause should be effected." *Ferguson v. Ferguson*, 111 S.W.3d 589, 599 (Tex. App.—Fort Worth 2003, pet denied). Generally, whether a beneficiary's actions trigger an *in terrorem* clause is a question of law. *See Estate of Cole*, No. 02-13-00417-CV, 2015 WL 392230, at \*8 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op.).

Moreover, section 254.005 of the estates code provides,

(a) A provision in a will that would cause a forfeiture of or void a devise or provision in favor of a person for bringing any court action, including contesting a will, is enforceable unless in a court action determining whether the forfeiture clause should be enforced, the person who brought the action contrary to the forfeiture clause establishes by a preponderance of the evidence that:

(1) just cause existed for bringing the action; and

(2) the action was brought and maintained in good faith.

(b) This section is not intended to and does not repeal any law recognizing that forfeiture clauses generally will not be construed to prevent a beneficiary from seeking to compel a fiduciary to perform the fiduciary's duties, seeking redress against a fiduciary for a breach of the fiduciary's duties, or seeking a judicial construction of a will or trust.

TEX. EST. CODE ANN. § 254.005.

Appellees argue because they "set forth a prima facie case by clear and convincing evidence that John violated the *in terrorem* clause of Richard's Will, John's TCPA Motion to Dismiss was properly denied." (Footnote omitted.) Appellees' step-two briefing refers specifically to John's third amended petition.

–13–

As noted, John's third amended petition sought a declaration that the contested codicil provisions were void. The effect of John's construction claim would be to remove Hill as successor trustee and successor executor in the codicils. John cites *Conte v. Conte*, 56 S.W.3d 830 (Tex. App.—Houston [1st Dist.] 2001, no pet.), in support of his argument that his allegations in this lawsuit did not violate the *in terrorem* clause. In *Conte*, the court of appeals considered whether a petition to remove a trustee violated an *in terrorem* clause contained in a trust. *Id.* at 831-32. The court of appeals held it did not. *Id.* at 833-34. "[T]he trust agreement does not expressly prohibit anyone, whether remainderman, beneficiary, or co-trustee, from seeking removal of a trustee." *Id.* Similarly, a strict construction of Richard's will does not expressly prohibit anyone from seeking removal of an executor, trustee, or independent fiduciary. *See Badouh*, 22 S.W.3d at 397 (requiring strict construction of *in terrorem* clauses and authorizing a finding of breach of the clause only when the acts of a party come within the clause's express terms). The *Conte* court stated, "Other Texas courts have held that a beneficiary's action to remove an executor does not trigger a will provision similar to the trust provision at issue here." *Id.* at 832-33 (citing *McLendon v. McLendon*, 862 S.W.2d 662 (Tex. App.—Dallas 1993, writ denied), *disapproved on other grounds, Dallas Mkt. Ctr. Dev. Co. v. Liedeker*, 958 S.W.2d 382, 386 (Tex. 1997) (addressing preservation of error in refusal of jury charge requests), and *In re Estate of Newbill*, 781 S.W.2d 727 (Tex. App.—Amarillo 1989, no writ)). Moreover, "An action to remove a trustee, like an action to remove

–14–

an executor, is not an effort to vary the grantor's intent." *Conte* 56 S.W.3d at 833. Appellees do not attempt to distinguish *Conte.*

*Di Portanova v. Monroe* also provides guidance. There, guardians of a beneficiary sought to consolidate trusts and to change trustees. *See Di Potanova v. Monroe*, 402 S.W.3d 711, 714 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Intervenors alleged the changes violated an *in terrorem* provision. *See id*. The *Di Portanova* court stated, "These modifications are not the type of change that thwart the settlor's intention in establishing the trusts as expressed in the . . . wills." *Id.* at 718. The court noted no Texas opinion had construed an *in terrorem* clause so broadly to result in forfeiture. *See id.* at 719. Although John cites *Di Portanova*, appellees do not attempt to distinguish it.

Another sister court opinion, *Marshall v. Marshall*, provides guidance. *See Marshall*, 2021 WL 208459. In *Marshall*, the appellate court concluded a previous Wyoming lawsuit filed by the TCPA movant, a beneficiary, did not seek to effect the substantive distribution of property. *See id.*, 2021 WL 208459, at \*6. The Wyoming proceeding sought a construction of the will and trusts to determine if acts of a trustee were lawful. "Therefore, the proceeding was not one to contest the validity of the will or to prevent any provisions of it from being carried out." *Id.* (citing Texas Estates Code section 254.005 as "recognizing enforceability of forfeiture clauses, but noting that such clauses generally will not be construed to prevent a beneficiary from seeking a judicial construction of a will or trust"). As noted, John seeks declaratory

relief below. He seeks "a judicial construction of and determination of the validity" of the codicil provisions pursuant to sections 37.004 and 37.005 of the civil practice and remedies code. Appellees do not attempt to distinguish *Marshall.*

Guided by *Conte*, *Di Portanova*, and *Marshall*, we conclude appellees failed to meet their burden to establish by clear and specific evidence a prima facie case that John's declaratory action violated the will's *in terrorem* clause.

As noted, appellees' counterclaim also alleged John's separate legal malpractice lawsuit against Hill, discussed above, triggered the *in terrorem* clause. Appellees argue the Hill lawsuit indirectly violated the *in terrorem* clause because John alleged Hill improperly assisted in drafting the codicils and reduced his share of Richard's estate. They assert, "Whether the Hill lawsuit was an indirect proceeding to challenge or nullify all or some of the will—conduct prohibited under the Will's *in terrorem* clause—is the question. The Court need not accept John's invitation to turn a blind eye to John's campaign—in all of its forms—to challenge the Will." Appellees' argument is conclusory. Appellees cite two judicial opinions. *See Murphy v. Gruber*, 241 S.W.3d 689 (Tex. App.—Dallas 2007, pet. denied); *Gunter v. Pogue*, 672 S.W.2d 840 (Tex. App.—Corpus Christi-Edinburg 1984 writ ref'd n.r.e.). *Murphy* is inapposite. *See Murphy*, 241 S.W.3d at 691 (analyzing alleged claims of fraud and breach of fiduciary duty and applying the anti-fracture rule applicable to legal malpractice lawsuits). *Murphy* does not address an indirect challenge of an *in terrorem* clause. *See id*. *Gunter* bears no resemblance to this case. It involved a will

contest with four competing wills. *See Gunter*, 672 S.W.2d at 841–42; *see also Conte*, 56 S.W.3d at 834 (distinguishing *Gunter* and another judicial opinion and stating, "Neither case involved efforts to remove an executor or trustee.").

John argues the *in terrorem* clause does not specifically prohibit any beneficiary from suing that beneficiary's personal attorney for legal malpractice committed in a separate legal representation. He argues a strict construction of the *in terrorem* clause forecloses appellees' conclusion that the Hill lawsuit violated the *in terrorem* clause. He cites this Court's opinion, *McLendon*, 862 S.W.2d at 679. *McClendon* stated:

> Anna and Jan [beneficiaries] asserted causes of action against Bart and Billie [co-executors] for breach of their fiduciary duties as co-executors of Jeannette's estate and to have the partnership amendments declared invalid. We conclude the claims do not contest the validity of the will itself.
>
> We construe the language of the *in terrorem* clause to prohibit a beneficiary from contesting the validity of the will or seeking to attack, modify, or impair the validity of the provisions. It does not prohibit a beneficiary from instituting legal action against a co-executor for breach of fiduciary duties. . . . The right to challenge a fiduciary's actions is inherent in the fiduciary/beneficiary relationship.

*Id.*; *see also Lesikar v. Moon*, 237 S.W.3d 361, 370-71 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (citing *McLendon*, strictly construing *in terrorem* clause, and holding, "We conclude [a beneficiary's] bringing a breach of fiduciary duty claim against [a trustee] does not violate the *in terrorem* clause and, therefore, does not result in the forfeiture of her share of the Family Trust.").

We follow our precedent, *McLendon*, and are guided by *Lesikar*. We conclude appellees failed to carry their TCPA step-two burden to demonstrate John's lawsuit against Hill triggered the *in terrorem* clause. *See* CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296; *and see Badouh,* 22 S.W.3d at 397 (providing that we strictly construe *in terrorem* clauses).

Finally, appellees assert John's filing the lis pendens violated the *in terrorem* clause. Initially, we conclude the filing of the lis pendens was not a basis of the trial court's TCPA decision. Appellees' counterclaim for declaratory relief does not refer to the lis pendens. Moreover, appellees did not assert in their response to John's TCPA motion that the lis pendens violated the *in terrorem* clause. Instead, they argued the lis pendens was evidence of the nature of this lawsuit. Accordingly, appellees' counsel argued at the TCPA hearing, "Yet, in the lis pendens, he [John] is telling the world that the effect of this litigation will be to give him an undivided 50% fee-simple interest in the ranch." Counsel reiterated the argument at the hearing. We conclude the issue of whether the lis pendens violated the *in terrorem* clause was not raised below. It could not have been a basis of the trial court's denial of the TCPA motion.

But even if filing the lis pendens was argued below to be a violation of the *in terrorem clause*—which we assume here only for argument's sake—we would reject that its filing was a will contest. Notably, appellees fail to cite a statute or judicial opinion in support of their assertion that the filing violated the *in terrorem* clause.

–18–

John argues the purpose of a lis pendens is to provide notice of a claim. He cites *David Powers Homes, Inc. v. M.L. Rendleman Co., Inc.*, 355 S.W.3d 327, 336 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (a properly filed lis pendens is not itself a lien; rather it operates as constructive notice 'to the world' of its contents."). *See also Heckert v. Heckert*, No. 02-19-00298-CV, 2020 WL 2608338, at \*3 (Tex. App.— Fort Worth May 21, 2020, no pet.) (mem. op.) ("a lis pendens is not an independent claim or a lien; rather it simply gives 'notice to the world of its contents.'"). The *in terrorem* clause in Richard's will prohibits contests and proceedings that nullify the will, its provisions, or related trusts. Appellees fail to explain how John's filing a lis pendens might operate to nullify Richard's will, its provisions, or related trusts.

We conclude appellees failed to carry their TCPA step-two burden to demonstrate by clear and specific evidence a prima facie case of their claim that John's declaratory action in this lawsuit, John's filing the Hill lawsuit, or John's filing the lis pendens triggered the *in terrorem* clause of Richard's will. *See* CIV. PRAC. & REM. § 27.005(c); *Montelongo*, 622 S.W.3d at 296.

We sustain John's first point of error.

## CONCLUSION

We reverse the judgment of the trial court, which overruled appellant's TCPA motion to dismiss by operation of law.[6] We remand the case to the trial court for further proceedings.

220194f.p05

/Bill Pedersen, III/ _____
BILL PEDERSEN, III
JUSTICE

---

[6] Due to our disposition of John's first issue, we need not and do not decide his second issue. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARTIAL TRUST, Appellant

No. 05-22-00194-CV          V.

PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS THE ADMITTED GENERAL PARTNER OF THE FLP; PATRICIA ROACH TACKER, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP; AND TRF GP, LLC, TITULAR GENERAL PARTNER OF THE FLP, Appellees

On Appeal from the Probate Court No. 1, Dallas County, Texas Trial Court Cause No. PR-21-00540-1.
Opinion delivered by Justice Pedersen, III. Justices Goldstein and Smith participating.

–21–

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant JOHN H. ROACH, INDIVIDUALLY AND AS SOLE TRUE TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST recover his costs of this appeal from appellees PATRICIA S. ROACH, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD H. ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS THE ADMITTED GENERAL PARTNER OF THE FLP; PATRICIA ROACH TACKER, INDIVIDUALLY AND AS PUTATIVE CO-EXECUTOR OF THE ESTATE OF RICHARD ROACH, DECEASED, AS PUTATIVE CO-TRUSTEE OF THE CREDIT SHELTER TRUST AND THE MARITAL TRUST, AND AS ADMITTED GENERAL PARTNER OF THE FLP; AND TRF GP, LLC, TITULAR GENERAL PARTNER OF THE FLP.

Judgment entered this 18th day of September, 2023.